No. 12,364.

W. H. BRISTOL vs. A. J. MURFF.

Property described in the assessment roll, as it is described in a partition and is on record, is sufficient to identify the property.

When property is constructively seized by the tax collector, when it is under seizure by attachment in a Federal Court, and the attachment is dissolved, the tax collector's seizure will hold good.

When property can be conveniently offered in less quantity than the entire tract, the tax collector must comply in offering it for sale with Art. 210 of the Constitution.

APPEAL from the Second Judicial District Court for the Parish of Bossier. *Watkins, J.*

*T. F. Bell* for Plaintiff, Appellant.

*A. H. Leonard* for Defendant, Appellee.

———

Argued and submitted January 20, 1897.
Opinion handed down February 1, 1897.

———

The opinion of the court was delivered by

McEnery, J.   This is a suit to annul a tax sale.   The tax collector of Bossier parish sold for the delinquent taxes of 1891 property of the plaintiff, described on the assessment rolls as "one-fourth interest in Succession of B. F. Hollingsworth.   Lot 3 of partition of seven hundred and ninety acres, in Township 18, R. 13, valued at two thousand seven hundred and fifty dollars."   The taxes due were fifty-eight dollars and eighty cents.   Prior to the sale the property had been seized under writs of attachment from the Federal Court.

The grounds for the annulment of the tax sale are insufficiency of the description of the property on the assessment rolls, its prior seizure by the United States Marshal under the writ of attachment, and the non-compliance with Art. 210 of the Constitution of the State.

The description was sufficient to identify the property.   The seven hundred and ninety acres in the succession of Hollingsworth had been partitioned, and Lot 3 was the part or portion belonging to plaintiff.   The partition proceedings were matter of record, and Lot 3 distinctly ascertained to be the property of plaintiff.

The attachment was dissolved in the Federal Court.   This made the prior seizure by the tax collector constructively, while the property was in the custody of the marshal, a binding and legal seizure.

The failure of the tax collector to comply with Art. 210 of the Constitution is more serious than the other reasons alleged for the nullity of the sale.

The tax deed is *prima facie* evidence of a valid sale.   Its recitals, however, are not conclusive, but may be contradicted as to the essentials required for a valid tax sale.   One of these essentials is that the tax collector "shall sell the least quantity of property which any bidder will buy for the amount of the interest, taxes and costs.   In the tax deed there is no recital that Art. 210 of the Constitution had been complied with.   On the contrary, it recites that

"he proceeded to offer said described property for sale for cash, without appraisement." The lot contained 197½ acres. It was easy of subdivision and could have been offered at less quantity than the whole tract.

In case of Norres vs. Hays, 44 An. 912, in which the tax deed was annulled, we said that "the tax deed also shows that said article of the Constitution was violated in the sale of the property in block."

Also case of Land and Improvement Company vs. Succession of Fasnacht, 47 An. 1294.

Whenever the property can be conveniently offered in less quantity than the entire tract, the compliance with the article of the Constitution is imperative. In municipalities, when the lots have a designated size, it is impractical to offer less than the minimum size of the lot prescribed by municipal ordinances. As held in the last case referred to, when there are several lots or parcels of ground within municipal limits held by different titles, it is error on the part of the tax collector to offer all the properties at one time for the tax due. The plot accompanying the record shows that the tax collector could have offered less quantity of the property than he did for the amount of taxes due. The defendant asks, in case of the sale being annulled, to be reimbursed for all taxes paid by him and the price of the adjudication. Article 210 provides: "No sale of property for taxes shall be annulled for any informality in the proceedings until the price paid, with 10 per cent. interest, be tendered to the purchaser."

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and the tax deed set up by defendant as title, and the tax sale under which defendant purchased be annulled, on the condition that the plaintiff shall pay to the defendant the price of the adjudication to him of the property, with ten per cent. interest thereon and the amount of taxes paid by defendant since he acquired possession of said property. The defendant to retain possession of said property until the above amounts are paid, when he shall make restitution of said property to plaintiff; defendant to pay costs.