hering to them we conclude that plaintiff has not made out a case.

For reasons assigned, the judgment must be affirmed. It is affirmed.

(36 South. 328.)

No. 14,942.

SIMONEAUX et al. v. WHITE CASTLE LUMBER & SHINGLE CO., Limited.*

(Feb. 29, 1904.)

TAXATION—TAX TITLE—SALE—PRESUMPTION.

1. Under article 210 of the Constitution of 1879 all tax deeds are prima facie evidence of "valid sales," and of the regularity of proceedings not recited in the deed. Hence a party assailing or defending against a tax title must adduce some evidence of the failure of the tax collector to comply with requirements not recited in the deed, such as giving notice or first offering the least quantity. Slattery v. Heilperin & Leonard, 110 La. 86, 34 South. 139 (No. 14,057) ; Cane v. Herndon, 107 La. 591, 32 South. 33.

2. The failure of the tax collector to offer the least quantity before selling the whole is cured by the statutory prescription of two and three years. Cane v. Herndon, 107 La. 591, 32 South. 33.

3. In cases where the provisions of article 233 of the Constitution of 1898 are applicable, they conclude inquiry as to notice and mode of sale.

4. The evidence fails to show that there was no tax sale or no assessment, and the court is not called upon in this case to pass upon the legal effect of such defects or nullities under article 233 of the Constitution of 1898. See, however, Geekie v. Kirby Carpenter Co., 106 U. S. 384, 1 Sup. Ct. 315, 27 L. Ed. 157.

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Paul Lêche, Judge.

Action by Arselie Simoneaux and others against the White Castle Lumber & Shingle Company, Limited. Judgment for defendant, and plaintiffs appeal. Affirmed.

Marks & Wortham (Edward N. Pugh of counsel), for appellants. Louis Lozano, for appellee.

---

*Rehearing denied April 11, 1904.

LAND, J. This is a petitory action to recover an undivided third interest in the lands described in the petition alleged to be in the wrongful possession of the defendant company.

Plaintiffs are the legal heirs of Honore Simoneaux, from whom defendant claims title through mesne conveyances by virtue of a tax sale made in 1888.

The decision of the case rests on the validity of said tax sale, supported by the prescription of three years provided by article 233 of the Constitution of 1898. There is no evidence of possession in plaintiffs at the date of said tax sale or subsequently. The tax deed duly recorded recites that the property was adjudicated to Edward Vives and Thomas Blanchard. The first contention of plaintiffs is that there was no tax sale, because Blanchard did not bid on the property and did not pay the price. This is Blanchard's testimony, to the best of his recollection.

The title remained in Thos. Blanchard until 1895 (nearly seven years), when he sold to his mother, wife of Severin Blanchard, who was sheriff and ex officio tax collector in 1888, and in that capacity made the tax sale in question.

The consideration recited in the deed of 1895 was $1. A few months afterwards Mrs. Blanchard sold the interest in the land acquired from her son to the defendant company for the price of $400.37½. In the same year (1895) Edward Vives sold his interest in the same land to Maxime Dupaty for the price of $80, and Dupaty and others conveyed to defendant company an undivided two-thirds interest in said lands for the price of $1,601.50.

Thomas Blanchard was a deputy of the tax collector in 1888, when the sale was made. His absence at the adjudication, and the fact that he paid no part of the price, do not prove that there was no sale and that no price was paid.

The bid might well have been made by Vives, the co-purchaser, in the names of both, and, if he acted without authority, he bound himself. There is no pretense that the evidence shows that Vives did not bid and did not pay the price. In 1895 Thomas Blanchard ratified the whole transaction by selling the interest acquired in his name at the tax sale. This was seven years after the tax sale. While the transaction looks suspicious, there is no positive evidence that the adjudication to Thomas Blanchard was for the use and benefit of his father, the tax collector.

The only evidence that no price was paid is the failure of the tax deed to so recite. Payment, however, is the presumption of law, in the absence of evidence to the contrary.

The next contention of plaintiffs is that a part of the land sold at the tax sale is described as "of section four, six," and that such description does not identify the land, and therefore does not pass title. The tax deed as copied in the transcript, reads "of section forty-six."

In the argument at bar it was contended that the assessment was in the name of a man long since dead, that the tax sale was made without the constitutional notice, and the tract was sold as a whole, in violation of the constitutional requirement.

The land in controversy was sold for the taxes of 1885, 1886, and 1887. It was regularly assessed in 1887 to Mrs. Honore Simoneaux, presumed to be then living, and to be the widow in community of Honore Simoneaux. There is no evidence that she did not receive notice. There is no evidence that the property was not listed on a supplemental roll for 1885 and 1886, save testimony that no supplemental roll for those years was filed in the State Auditor's office. Act No. 96, p. 119, of 1882, does not specifically provide that such rolls shall be filed with the auditor. Section 11 provides that they shall "be filed in the same manner as the regular tax rolls," and section 19 provides that tax lists of omitted property shall be attached to tax rolls "in the tax collector's or sheriff's office."

The tax deed recites· erroneously that the property was assessed to "Honore Simoneaux." The omission of the title "Mrs." was evidently a clerical error.

The recitals of the tax deed, corroborated in part by the records in the auditor's office, are prima facie evidence of an assessment of the property for taxes for the years 1885, 1886, and 1887. The property owed the taxes, and it is not pretended that any portion of the same had been paid prior to the tax sale of 1888, or that there was a duplicate assessment.

We do not think that the evidence shows that there was no tax sale or no assessment, and therefore we are not called upon to decide what effect the prescriptive period of three years provided by article 233 of the Constitution of 1898 would have in such a case.

Under similar statutory provisions, the Supreme Court of the United States held that such issues were barred. Geekie v. Kirby Carpenter Co., 106 U. S. 384, 1 Sup. Ct. 315, 27 L. Ed. 157.

We have no hesitation, however, in expressing the opinion that a tax sale in block or without notice is within the curative scope of said article of the Constitution. The tax sale was recorded in 1888, and this suit was filed in 1901. In the meantime the property passed into the possession of the defendants for a valuable consideration.

Judgment affirmed.