ODOM, Justice.
 

 The following described property was assessed to Resaire Laborde on the tax rolls of Avoyelles parish for the year 1927, to wit:
 

 “25 acres. N. — Jas. Chenevert,, S. — Martin Laborde, E. — Mrs. Ludovic Lemoine, W.— Remi Laborde, from Eugene Scallan.”
 

 On May 19, 1928, the same property was sold at tax sale by the tax collector to the defendant, Noah J. Scallan, for the taxes of
 
 *639
 
 1927. On May 23, 1928, the tax collector made out and signed a tax deed in conformity with the adjudication, which deed was delivered to the tax purchaser and duly registered on the same day in the conveyance records of the parish.
 

 Several years prior to the tax sale, Rosaire Laborde mortgaged the following described land to the Federal Land Bank, the plaintiff:
 

 “30 arpents (25.40 acres) of land and improvements situated near Mansura, in the Parish of Avoyelles, Louisiana, and bounded on the north by lands of Joseph Chenevert, South by Lands of Martin Laborde, East by lands of Mrs. Luco vie Lemoine, and West by lands of Remi Laborde; being part of Section 68, T 1 N, R 4 E, in the Southwestern district of Louisiana. From Eugene Seallan on the 13th day of March 1922. See A-26, p. 217, A-4, p. 229; A-l, p. 702.”
 

 This mortgage was in force and effect when the tax sale took place in May 1928.
 

 On March 6, 1931, less than three years from the date of the sale, the plaintiff, mortgage creditor of Laborde, brought the present suit against Seallan, the tax purchaser, to have the sale set aside on the alleged ground that the sale was null and void for the following reasons:
 

 (1) Want of notice to the tax debtor.
 

 (2) That the description under which the property was sold was so vague and indefinite that the property could not be identified.
 

 (3) That no notice of the contemplated sale was given the mortgage creditors.
 

 (4) That the taxes for 1927 were paid prior to the sale.
 

 (5) That the deed executed by the tax collector is not in the form required by law, and “is not evidence of any of the acts of the sheriff.”
 

 (6) That the property was not advertised for sale as required by law.
 

 (7) That the tax collector failed to send notice by registered mail to the tax debtor, and, conceding that he did, he failed to make and keep a procSs verbal thereof as required by law.
 

 (8) That the tax collector failed to offer for sale the least portion of the property which any one would purchase.
 

 (9) That the tax debtor “was permitted to remain and live on said property after the so-called and pretended tax adjudication and sale.”
 

 The defendant, in answer, denied generally and specifically the allegations of plaintiff’s petition. There was judgment rejecting plaintiff’s demands, from which it appealed.
 

 The tax deed is in the record, and from it we quote the following pertinent passages:
 

 “I, O. P. Couvillion, sheriff and tax collector of the Parish of Avoyelles * * * in pursuance of the requirements of Act 170 of 1898 * * * and particularly sections 50, 51 and 52 of said act, having advertised in the planner directed in sec. 53 of the aforesaid Act in the Weekly News, a newspaper published in the town of Marksville, Parish of-Avoyelles, and having complied with each requirement of said Act prescribed in the premises, relating to delinquent taxes and tax payers, and to seizure, advertisements and sale of property thereof in full, did expose at
 
 *641
 
 public auction on May 19, 1928 at the principal front door of the court house of this Parish for the delinquent taxes * * * for the year 1927, the following described property assessed in the name of Resaire Laborde and wife, to wit: [Then follows the description.]
 

 “At which sale, Noah Scallan, being the last bidder for the least quantity of land, became the purchaser of the following described property, to wit: [Same description.] ”
 

 Then follows a recital that the purchaser paid in cash the full amount of the taxes due, as well as all interest, costs, penalties, etc., and the instrument goes on as follows:
 

 “Now therefore, in consideration of the said amount and the premises and by virtue of the authority vested in me by law I * * * sheriff and tax collector do * * * bargain, sell, assign and deliver the aforesaid property unto the said Noah Scallan,” etc.
 

 Section 11, art. 10, Constitution of 1921, provides that:
 

 “All deeds of sale made, or that may be made, by the collectors of taxes, shall be received by courts in evidence as prima facie valid sales.”
 

 This is a deed of sale made by a tax collector, and recites that all the formalities required by law for making tax sales were complied with. Tax sales are valid only when made in compliance with the rules and regulations prescribed by law, and it is settled beyond controversy that those who hold property under tax deeds containing recitals that the property was thus sold may rely up-on them as prima facie evidence of valid conveyances of the property to them.
 

 The statute now in force regulating tax sales is Act No. 170 of 1898. The requirements for making such sales are set forth in the act with utmost detail. When a tax deed recites that the sale was made by virtue of and under Act No. 170, and that all of the formalities and • requirements prescribed therein were complied with, such recitals must be accepted as prima facie evidence that the officer who made the sale did what the law required him to do.
 

 These recitals, however, are only prima facie, not absolute, proof that the law was complied with. ■ They are open to rebuttal. Hence tax titles are subject to attack within three years for informalities leading up to and in the making of the sales, such as failure to give notice, failure to advertise, failure to offer for sale the least portion of the property which any one would purchase for the amount of taxes, interest, costs, and penalties due, and the like. But such sales will not be set aside unless it is affirmatively shown that the recitals of the deed are untrue, and the burden is upon him who makes the attack to show that.
 

 Regularity in the making of tax sales is always presumed. This is because “the law presumes that those things were done which it commanded to be done.” Hence it follows that tax sales, under deeds reciting full compliance with the law, must .stand until overthrown. Slattery v. Heilperin,
 
 610
 
 La. 94, 34 So. 139, Little River Lbr. Co. v. Thompson, 118 La. 284, 42 So. 938, Simoneaux v. Lumber Co., 112 La. 221, 36 So. 328, Tensas
 
 *643
 
 Delta Land Co. v. Sholars, 105 La. 357, 29 So. 908, Jones v. Curran, 156 La. 1055, 101 So. 415, Nebraska-Tensas Co. v. Moritz, 157 La. 174, 102 So. 195, Regina Lbr. Co. v. Perkins, 175 La. 15, 142 So. 785.
 

 It is argued by counsel for plaintiff that the deed executed by the tax collector in the instant case is not in the form required by law and is not, of itself, evidence that the officer complied with the law; that a general statement to the effect that the property was sold -pursuant to Act No. 170 of 1898, and particularly sections 50, 51, and 52 thereof, and that the property was advertised in the manner directed in section 53 thereof, and generally that all the requirements of the act were complied with, will not suffice, because such statements are but the conclusions or opinion of the tax collector. Specifically, the contention is that a tax deed cannot be accepted as prima facie evidence of a valid sale, unless it sets forth in detail' all the facts necessary to show- a compliance with the law. It is pointed out that this deed does not recite that notice of delinquency or of the sale was served on the tax debtor, and, whereas it is recited that the property was advertised for sale in a newspaper, there is no statement as to the period of time over which it was advertised or the particular issues of the paper in which the advertisement appeared. It is contended that a recital of such details is sacramental. In other words, counsel say in their brief that the tax collector “contents himself with declaring conclusions as distinguished from facts.”
 

 In support of their argument, counsel cite Rapp v. Lowry, 30 La. Ann. 1272, Person v. O’Neal, 32 La. Ann. 228, Lambert v. Craig, 45 La. Ann. 1109, 13 So. 701, and Bristol v. Murff, 49 La. Ann. 357, 21 So. 519.
 

 Without going into detail as to what these cases hold, but conceding that they support plaintiff’s contention, it is manifestly clear that, if they do hold as contended, they are not in harmony with later jurisprudence and cannot now be followed. Later cases stress the point that it is provided in the Constitution that deeds made by tax collectors are to be received by courts as prima facie evidence of valid sales, and they give effect to the presumption of regularity in the proceeding.
 

 In the case of Slattery et al. v. Heilperin & Leonard, 110 La. 86, page 94, 34 So. 139, 142, the court found, to quote from the opinion on rehearing:
 

 “The deeds he executed to the purchaser are silent as to notice and as to the offering of the least quantity. But they substantially comply with sections 44 and 45 of Act No. 77, p. 101, of 1880, which is the statute under which the sale took place.”
 

 After citing the cases of Tensas Delta Land Co. v. Sholars, 105 La. 357, 29 So. 908, and Jopling v. Chachere, 107 La. 522, 32 So. 243, the court said, at page 95 of 110 La., 34 So. 139, 143:
 

 “We do not understand, therefore, that the omission from these tax deeds of the recital that notice -had been given to the tax debtor, or that the tax collector, before offering the property in globo had offered the least quantity of it that any purchaser would buy for the taxes, interest and costs, destroyed the prima facie valid character of the deed given it by the Constitution. Cane v. Herndon, 107 La. 591, 32 So. 33.
 

 
 *645
 
 “Neither the Constitution nor the statute of 1880 specifically required these recitals to be made. The law presumes that those things wez-e done which it commanded to be done.” »,
 

 The holding in Simoneaux et al. v. Lumber Co., 112 La. 221, 36 So. 328, where the Slattery Case was cited, is to the same effect. In Little River Lbr. Co. v. Thompson, 118 La. 284, 42 So. 938, it was held:
 

 “A tax deed, under article 210 of the Constitution of 1879, furnishes prima facie evidezzce of a valid tax sale, although it contains no recital that notice was given as required by the statute. ‘The law presumes that those things were done which it commanded to be done,’ and imposes on the defendant the burden of adducing ‘some evidence of failure to give notice to the delinquent tax debtor’ ”— citing the Slattery Case, supra.
 

 The case of Nebraska-Tensas Co. v. Moritz, 157 La. 174, 102 So. 195, 197, is directly in point. There it was contended that the tax deed should not be received as evidence of a pilma facie valid title because it did not show that the tax collector first offered the least quantity of the pz-operty which any one would buy for the amount of taxes, costs, and penalties, a requirement under the Constitutions of 1879 and 1921. It was held that no such recital was necessary, azzd the couz-t said:
 

 “In the absence of any such proof the presumption is that rhe tax collector performed his duty and followed the requirements of the law. The law does not require that the pz-escribed manner of offering property for sale for taxes should be recited in the tax deed.”
 

 The court then referred to three cases, Norres v. Hays, 44 La. Ann. 912, 11 So. 462, Gulf State Land Co. v. Fasnacht, 47 La. Ann. 1296, 17 So. 800 and Bristol v. Murff, 49 La. Ann. 358, 21 So. 519, which wez-e cited as supporting a different view. As to Bristol v. Murff, the court said that it seemed to have been the opinion at the time that case was decided “that the tax deed should contain a recital of compliance with article 210 of the Constitution,” but of this case it was said:
 

 “The later jurisprudence, however, is not in harmony with the case last cited.”
 

 Bristol v. Murff, supra, is one of the cases cited by counsel for plaintiff in support of their contention.
 

 Plaintiff offered no
 
 testimony to
 
 impeach the regularity of this tax sale, and, in the absence of such testimony, it must be upheld.
 

 The description of the property is sufficient to identify it. The assessment rolls filed in evidence show that the
 
 property is in
 
 Avoyelles parish. It is described by boundaries, north, east, south, and west, just as it is described in plaintiff’s mortgage. While the seetiozi, township, and range are omitted, yet, as its boundaries are definitely stated, it can easily and positively be identified. Landry v. McWilliams, 135 La. 655, 65 So. 875; Babington Bros. v. Thomas & Williams, 131 La. 684, 60 So. 77, and cases cited. The recoz-d shows that not only did the tax purchaser take possession of the property which the tax debtor owned, but that it is the same
 
 *647
 
 property mortgaged to plaintiff. It further appears that this was the only property owned by the debtor in the parish.
 

 It is alleged that the taxes were paid previous to the adjudication. There is no testimony to support the allegation. There is a stamp notation on the margin of the tax roll showing that the taxes were paid on May 19, 1928, which was the day on which the adjudication was made. The deed recites that the defendant, Scallan, “bid the amohnt of taxes assessed against and due by the property, together with interest and all costs,” amounting to $28.60, which said sum was “paid in cash to me, the said sheriff and tax collector.”
 

 The fact that the rolls show that the taxes were paid on the day the adjudication was made does not ever create a suspicion, much less a presumption, that the tax debtor, or any one for him, paid the taxes prior to .the adjudication. The presumption is that the tax purchaser paid the taxes the day the property was adjudicated to him, and that the tax collector then noted the payment on the rolls. If there had been any doubt about it, the plaintiff could have called Mr. Couvillion, the tax collector, who made the sale, to dispute it. He was then living and present when the case was tried, but was not called.
 

 Mr. Laborde, the tax debtor, died more than three years after the sale. He remained on the property, but as tenant of Scallan, the tax purchaser, paying each year $75 as rental. If he had paid his taxes prior to the sale and if he had not known that his property had been sold for taxes, he would not have leased it from Scallan as he did.
 

 For the reasons assigned, the judgment appealed from is affirmed, with all costs.
 

 ST. PAUL, J., absent.