### GIBBS et al. v. ROOS et al.

### No. 5556.

Court of Appeal of Louisiana. Second Circuit.

Dec. 3, 1937.

Rehearing Denied Jan. 3, 1938.

Melvin F. Johnson, of Shreveport, for appellants.

Armand W. Roos, Jr., and Malcolm W. Feist, both of Shreveport, for appellees.

HAMITER, Judge.

The nullity of a tax sale affecting seventeen and one-half acres of land in Bossier parish, La., is asserted by plaintiff in this proceeding.

The material allegations of the petition are that plaintiff acquired the tract in 1922 by inheritance from her father, and that since said date she has been continuously in the actual and physical possession there-

of; that a purported tax sale of said property was made on June 18, 1927, to A. W. Roos for the taxes of 1926; and that said tax sale is null and void and conveyed no title for the reason that the description in the tax deed is too vague and indefinite to identify any property, and that no notice of delinquency or of the intended tax sale was given by the tax collector to her.

Since the occurrence of the sale, the tax purchaser has died and his sole heirs were made parties defendant herein.

Under an exception filed by defendants, the averment was made that plaintiff had no further interest to prosecute the suit because she had executed a quitclaim deed in their favor conveying all of her interest in the property. Plaintiff then filed a supplemental petition alleging the invalidity of the quitclaim deed, and her attorney, Melvin F. Johnson, tendered a petition of intervention and third opposition in which he alleged the acquiring of an undivided half interest in the tract in question under a written contract with plaintiff, and that his acquisition is unaffected by the claims made in defendants' exception. The exception was later overruled. As disclosed by brief of defense counsel, the alleged quitclaim deed is no longer an issue in the case.

Defendants' answer generally denied the pertinent allegations of plaintiff and intervener, and prayed for the rejection of their demands. Subsequently, defendants pleaded "the prescription of three years as established by section 11 of article 10 of the Constitution of the State of Louisiana for the year 1921, in bar of any claimed right of action by plaintiff or intervenor herein." This pleading was referred to the merits of the case.

After trial, there was judgment rejecting the demands of plaintiff at her cost. It is silent with reference to intervener's claim. However, the written opinion of the trial judge, which is a part of the record, shows that his demands were also rejected. The opinion discloses that the entire judgment was founded on a holding that the claims under consideration were barred by the specially pleaded prescription or peremption. Plaintiff and intervener appealed from the judgment.

In this court, defendants and appellees specially plead "the prescription and peremption of five years established by section 11 of article 10 of the Constitution of the State of Louisiana, as amended by Act 147 of 1932, in bar of any right of action by appellants herein."

One of the grounds urged for invalidating the title is that the description in the tax deed is too vague and indefinite to identify any property. Section 3 of Act No. 140 of 1890 provides that: "No assessment or tax sale shall be set aside or annulled for any error in description or measurement of the property assessed, in the name of the owner, provided the property assessed or sold can be reasonably identified."

The instrument attacked in the instant case proposes to convey "the following described property assessed to Mary Burks Gibbs upon the tableau of taxes in and for said Parish of Bossier for the year 1926, to-wit: 17½-acre strip off the east side of the W½ of SW¼, Sec. 34, Twp. 17, Range 11." Although this description is possible of much improvement, in our opinion, it furnishes reasonable identification of the property, and must be held to be sufficient under the above-quoted statute and the jurisprudence of this state. The named section, township, and range are definite and accurate, and the portion reading, "17½-acre strip off the east side of the W½ of SW¼," produces in the mind the thought and conviction that the tract conveyed is one of uniform width, containing 17½ acres, and extending entirely across the eastern end of the designated 80-acre tract. Many authorities are cited by both counsel in their briefs to sustain the respective position of each. A discussion of them, however, in this opinion will serve no useful purpose and will not be made.

The most serious matter to be considered in this case is that presented by the other ground of attack, viz., that plaintiff received no notice of the intended sale from the tax collector, and also by the plea of peremption. In connection with the latter, we venture the opinion that the case is to be viewed in the light of the peremptive period of five years as established by the constitutional amendment proposed by the Legislature through Act No. 147 of 1932, and approved by the electorate in that year. The Supreme Court in Brown v. Tauzin, 185 La. 86, 168 So. 502, applied this five-year period in considering a tax sale made in 1930.

A deed evidencing a sale of property made by the tax collector for unpaid taxes is received by the courts in evidence

as a prima facie valid sale. Section 11, article 10 of the Louisiana Constitution of 1921. A presumption exists that the adjudication was regular in all respects; that is, that all of the formalities and requisites prescribed by law have been complied with. However, this presumption is rebuttable, and if the tax debtor can prove that he did not receive the delinquency notice required by Act No. 170 of 1898, and his attack is made within the peremptive period, the tax deed will be set aside. Federal Land Bank v. Scallan, 179 La. 636, 154 .So. 632.

The giving of this notice is mandatory under the Constitution and statutes of Louisiana, and is not waived by virtue of informal knowledge on the part of the tax debtor that taxes have not been paid or that the property has been adjudicated. Recker et al. v. Dupuy, 161 La. 392, 108 So. 782.

And as long as the tax debtor continues in physical and corporeal possession of the property after the occasion of the tax sale, the peremption of five years established by the above-mentioned constitutional provision is suspended. Pill v. Morgan et al., 186 La. 329, 172 So. 409.

Plaintiff is an old negro woman who has had no education. She can neither read nor write. From the date of her birth until the year 1930, she lived in Bossier parish, La., about one and a half miles from the town of Koran, and about ten miles from that of Haughton. In said year 1930, she and her husband moved to Mississippi, and later they went to Caddo parish, La., to establish their domicile. She, her husband, and her son testified emphatically and positively that she received no delinquency notice regarding the taxes of 1926 for which her property was sold in 1927. The post office through which she usually received mail was at Koran. The tract in question was carried on the assessment rolls of 1926 in plaintiff's name, but her address thereon was listed as Haughton, La. The postmistress at Benton, La., the parish seat of government of Bossier parish, testified that on April 1, 1927, she dispatched a registered letter mailed by the tax collector and addressed to plaintiff at Haughton. She had no record of a return receipt in connection with the letter and could not state whether or not that item of mail was ever returned. No record of registered mail return receipts regarding the collection of 1926 taxes was available in the tax collector's office. In view of the evidence just discussed, we find as a fact that the required notice was not given to plaintiff, and we hold that the presumption in favor of the regularity of the tax sale in question has been successfully rebutted.

It now becomes necessary to determine whether or not plaintiff's right to annul the deed is barred by the peremption of five years. As before seen, the tax sale occurred on June 18, 1927. This suit was instituted December 17, 1936, or more than nine years later. Considering these dates, peremption has accrued, unless a suspension thereof has taken place by reason of a continuing physical and corporeal possession of the property by the tax debtor, plaintiff. Evidence was adduced in plaintiff's behalf for the purpose of showing that the tract was fenced in 1922, and for a period of nine years from that date it was cultivated by her son with her permission; and that thereafter corporeal possession was continued through the cutting of timber off it by her son and the pasturing of stock thereon by relatives. Testimony was offered in defendant's behalf to show that if plaintiff's son had the possession of the disputed tract, it was as a tenant of the tax purchaser while he was living, and of his succession after his death, and that for such occupancy an annual rental was paid. This testimony was objected to by plaintiff's counsel on the ground that an admission of it would enlarge the pleadings. The objection was sustained. We think the trial judge erred in excluding this testimony. It is true that defendants did not affirmatively and specifically allege in their pleadings actual possession in themselves; but plaintiff's allegation of possession was denied in defendants' answer, and the plea of peremption necessarily put at issue the question of who corporeally possessed the property subsequent to the sale. The element of possession is very important in this controversy, and under the pleadings just mentioned, the defendants had the right to show that they possessed the property themselves or through a tenant.

By reason of the exclusion just mentioned, and also the fact that the evidence in the record is insufficient to permit us to pronounce definitely herein, we have decided to remand the case for the restricted purpose of receiving additional evidence, including that heretofore excluded, on the question of possession of the property. The adducing of such proof shall be permitted to all litigants in this cause. This

course is pursued in the interest of justice and is authorized by Code of Practice, article 906.

For the reasons assigned, the judgment appealed from is set aside, and this case is remanded for further proceedings according to law and not inconsistent with the views herein expressed. Cost of this appeal shall be paid by appellees, while all other costs shall abide the final determination of the suit.