917 So.2d 646 (2005)
FUTURE TRENDS, LLC
v.
Juanita DeGEORGE, Chris Guillot and United Bank and Trust Company.
No. 05-CA-355.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
Rehearing Denied January 9, 2006.
John A.E. Davidson, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellee.
William F. Bologna, John C. McNeese, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Defendant, Juanita DeGeorge, appeals the trial court's granting of a summary judgment in favor of plaintiff, Future Trends, L.L.C. For the following reasons, we affirm.
On September 21, 2000, plaintiff, Future Trends, L.L.C. ("Future Trends"), filed the instant action, a Petition To Confirm Tax Title, for a parcel of real estate located in Kenner in Jefferson Parish. Named as defendants in that action were United Bank and Trust Company, Chris Guillot, and appellant, Juanita DeGeorge ("DeGeorge").
Future Trends confirmed a preliminary default against United Bank and Trust Company on December 7, 2001, which had the effect of canceling a judgment against DeGeorge in favor of United, erasing the judgment from the public records. On July 27, 2004, Future Trends filed a Motion For Summary Judgment asserting that it was entitled to a judgment confirming its tax title. Following a hearing on September 29, 2004, the trial court granted *647 Future Trends' Motion For Summary Judgment. DeGeorge timely filed the present appeal.

LAW AND ANALYSIS
On appeal, DeGeorge raises two assignments of error: (1) the trial court erred in finding that the Guillot tax title was transferred to Future Trends by the Succession of Guillot in accordance with law, and (2) there is a question of law as to whether Future Trends could be adjudicated sole owner of the property at issue when the property was subsequently transferred to the Parish of Jefferson once and to the City of Kenner three times subsequent to the tax sale to Guillot for Guillot's failure to pay taxes on the property.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[1] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[3] There must be a "genuine" or "triable" issue on which reasonable persons could disagree.[4] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." A material fact is one that would matter on the trial of the merits.[5]
In her first assignment of error, DeGeorge asserts that the trial court erred in finding that there was a valid transfer of Chris Guillot's tax title to Future Trends. We note, however, the DeGeorge raises this issue for the first time on appeal. Generally, appellate courts will not consider issues raised for the first time on appeal, which were not pleaded in the court below and which the court below has not addressed.[6] Accordingly, we decline to address DeGeorge's first assignment of error.
In her second assignment, DeGeorge argues that tax sales that took place subsequent to Guillot's transfer to Future Trends voids any claim of ownership that Future Trends may hold in the property at issue.
As recently noted by the Second Circuit in the case of Joshua Inv. Corp. v. Home Sales Counseling, Inc.[7]:
The burden of invalidating a tax sale is placed on the party attacking the sale. Verret v. Norwood, 311 So.2d 86 (La. App. 3rd Cir.1975), writ denied, 313 So.2d 842 (La.1975), citing Staring v. Grace, 97 So.2d 669 (La.App. 1st Cir. *648 1957); Stone v. Kimball's Heirs, 199 La. 240, 5 So.2d 758 (1942); Federal Land Bank of New Orleans v. Scallan, 179 La. 636, 154 So. 632 (1934). This is based on Louisiana's public policy favoring the validity of tax sales. Staring v. Grace, supra.

The record shows that DeGeorge acquired the property at issue by act of sale dated April 4, 1962. Following nine tax sales, all of which were apparently redeemed by DeGeorge prior to the expiration of redemption, Chris Guillot was granted full title to the property at issue by virtue of a tax sale held on May 20, 1987 by Sheriff Harry Lee in his capacity as Ex-Officio Tax Collector for the Parish of Jefferson.[8] Following one additional tax sale from DeGeorge to the Parish of Jefferson in 1989 and three tax sales to the City of Kenner in 1990 and 1991, Future Trends acquired the title to the property at a City of Kenner tax sale held on September 1, 1994. The record further shows that, in its First Supplemental And Amended Petition To Confirm Tax Title, Future Trends demonstrated it "further acquired" rights to the property at issue from the Succession of Christopher Guillot, Sr. by Quitclaim Deed, Private Act Acknowledged on January 28, 2004.
In the case of Sunset Realty, Inc. v. Antonini,[9] cited by Future Trends, the Second Circuit affirmed a summary judgment in favor of plaintiff in an action to quiet title where the plaintiff was able to provide the appropriate deeds showing the eventual transfer of the property to it from the defendants. Similarly, in the present case, Future Trends has clearly demonstrated in the record its right to the title for the property at issue through a series of tax deeds leading from DeGeorge to Guillot to itself. La. Const., art. 7, § 25 provides that a tax deed by a tax collector shall be prima facie evidence that a valid sale was made. Furthermore, DeGeorge has failed to produce any evidence to demonstrate that a genuine issue of material fact exists in this matter.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.
NOTES
[1] Bua v. Dressel, 96-79 (La.App. 5 Cir. 5/28/96), 675 So.2d 1191, writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348 (citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180).
[2] Tassin v. City of Westwego, 95-307 (La.App. 5 Cir. 12/13/95), 665 So.2d 1272.
[3] Rowley v. Loupe, 96-918 (La.App. 5 Cir. 4/9/97), 694 So.2d 1006.
[4] Id. at 1008.
[5] J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5 Cir. 2/14/96), 670 So.2d 1305.
[6] Geiger v. State ex rel. Dep't of Health and Hosp., 2001-2206, p. 11 (La.4/12/02), 815 So.2d 80, 86.
[7] 39,251 (La.App. 2 Cir. 1/19/05), 892 So.2d 151, 159.
[8] An affidavit in the record from Andrew LeBlanc, an employee in the real estate tax department for the Sheriff of Jefferson Parish, dated July 22, 2004, affirmed that DeGeorge signed a certified return receipt on a notice of the tax sale to Guillot. The affidavit also indicated that the tax sale in favor of Chris Guillot has not been redeemed through the office of the Sheriff for the Parish of Jefferson.
[9] 36,788 (La.App. 2 Cir. 1/29/03), 836 So.2d 1173.