996 So.2d 496 (2008)
EMONEYPORT.COM INC.
v.
BURGER KING CORPORATION as Successor by Merger to Self Service Restaurants Inc.
No. 08-CA-309.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2008.
*497 Randall J. Meyer, Attorney at Law, New Orleans, Louisiana, and David L. Neeb, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
James M. Garner, Dorothy S.W. Lawrence, John D. Wogan, K. Todd Wallace, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Emoneyport.com, Inc. appeals from a ruling of the trial court dated October 29, 2007 granting summary judgment in favor of Ochsner Clinic Foundation and Burger King Corporation and denying the motion for summary judgment brought by Emoneyport.com. For the reasons which follow, the judgment of the trial court is affirmed.

Factual and Procedural History
In 1973, Burger King Corporation as successor to Self Service Restaurants, Inc., (hereinafter "Burger King") leased land at 1315 Jefferson Highway in Jefferson Parish and made improvements to the property. By the terms of the lease, Burger King agreed to pay any and all taxes assessed against the property. The lease further provided that at the expiration of the lease, all improvements placed on the property became the property of lessors without compensation to the lessee.
In 1987, the owner of the land in question leased the property to Alton Ochsner Medical Foundation, the predecessor to Ochsner Clinic Foundation (hereinafter "Ochsner"), and transferred to Ochsner all of its rights to act as landlord under the lease. In August of 2000, the Burger King restaurant at this location suffered substantial damage as a result of a fire and the building remained in disrepair until 2002.
On June 27, 2002, Burger King as lessee and Ochsner as lessor executed a lease termination agreement terminating the lease and obligations of the parties retroactive to December 31, 2001. On July 8, 2002, Ochsner recorded a notice of lease termination for the purpose of giving record notice that the lease agreement between the parties terminated effective December 31, 2001. In December of 2002, the improvements on the property were demolished based on a demolition permit obtained by Ochsner from the Parish of Jefferson.
In October of 2002, the Parish of Jefferson assessed the value the restaurant improvements at $276,000.00 and mailed a tax bill to Burger King as recorded owner of the improvements as of the first day of the taxable year. Burger King failed to pay the taxes, and Jefferson Parish scheduled a tax sale for this property based on the non-payment of property taxes as authorized by statute. There is no evidence that Ochsner, the record owner at the time of sale, received notice of the tax delinquency or of the pending tax sale. The record shows that the improvements were sold at tax sale by the Parish of Jefferson to the plaintiff for the unpaid taxes and fees in the amount of $3,371.68. At the time of the tax sale, the improvements had been previously demolished as stated herein.
*498 On October 6, 2006, following the legal redemption period, Emoneyport.com Inc. filed a Petition to Confirm Tax Sale setting forth facts as stated above and naming as defendant Burger King Corporation as owner of the improvements on the date of the tax liability. Plaintiff alleged that Burger King failed to pay the outstanding taxes, that it had been notified of the delinquency and of the parish's intent to sell the property at tax sale for the unpaid taxes. Plaintiff further alleged that it purchased the property on June 3, 2003 for the sum of $3,371.68 and properly recorded the sale in the public records. Thus, plaintiff alleged it was the record owner of the subject property and prayed for judgment confirming the tax title, placing plaintiff in full possession of the property, or in the alternative, for damages equal to the value of the property on the date of the assessment and sale ($276,000.00). The petition was subsequently amended to include Ochsner Clinic Foundation as defendant.
Burger King initially responded to the petition with an exception of no right of action which was denied by the trial court. Burger King then answered the petition and asserted several affirmative defenses.
Ochsner also answered plaintiff's petition with a general denial and additionally brought a reconventional demand against plaintiff and the tax collector of Jefferson Parish to annul the tax sale for failure to receive notice and for attorney's fees.
Both Burger King and Ochsner filed motions for summary judgment on the basis that the tax sale is null and void. Plaintiff filed a cross-motion for summary judgment on the basis that it acquired good and valid title to the property and seeking monetary damages for its failure to receive possession of the property.
These motions were heard by the trial court on October 16, 2007, and by judgment rendered October 29, 2007, the court granted the motions for summary judgment filed by Burger King and Ochsner dismissing all of plaintiff's claims against them, including the request to confirm title and its alternative request for damages. In addition, the court decreed that the 2003 tax sale of the improvements at issue was declared null. Further, the court denied plaintiff's motion for summary judgment and also dismissed plaintiff's claims with prejudice. Finally, the court ordered that the portion of the judgment annulling the tax sale shall not have effect until plaintiff is reimbursed in accordance with the Louisiana Constitution, Article VII, Section 25(C).
Plaintiff now appeals from this judgment on the basis that the tax sale met every requirement set forth by law and that the trial court's judgment that the sale was a nullity was in error.

Law and Discussion
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991); Pizani v. Progressive Ins. Co., 98-225, p. 3 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Mohsan v. Roule-Graham, 05-122, p. 4 (La.App. 5 Cir. 6/28/05), 907 So.2d 804, 806, writ denied, 05-1976 (La.2/3/06), 922 So.2d 1184.
Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter *499 of law. La. C.C.P. art. 966(B). See, Input/Output, Inc. v. Wilson Greatbatch, Inc., 07-570 (La.App. 5 Cir. 1/22/08), 977 So.2d 109, 112, writ denied, 08-397 (La.4/18/08), 978 So.2d 350.
A tax deed is prima facie evidence of a valid tax sale. La. Const.Art. 10, § 11 (1921) and La. Const.Art. 7, § 25 (1974); Virtocom Financial, Inc. v. Palo Verde Trading Co., Inc., 03-621 (La.App. 5 Cir. 2/23/04), 869 So.2d 194. Tax sales are presumed valid and the party attacking it bears the burden of proving its alleged invalidity. Hodges Ward Purrington Properties v. Lee, 601 So.2d 358 (La.App. 5 Cir.1992); Virtocom Financial, Inc. v. Palo Verde Trading Co., Inc., supra. Placing the burden of invalidating the tax sale on the party attacking the sale is based on Louisiana's public policy favoring the validity of tax sales. Future Trends, LLC v. DeGeorge, 05-355 (La.App. 5 Cir. 11/29/05), 917 So.2d 646, writ denied, 06-298 (La.4/28/06), 927 So.2d 286. See, Board of Com'rs for Sunset Drainage Dist. of St. Charles Parish v. Rivet, 05-441 (La.App. 5 Cir. 1/17/06), 921 So.2d 1046, 1049.
In support of their summary judgment motions, defendants argue that the tax sale is a nullity because the record owner of the property did not receive notice of the delinquency or the sale. Defendant submits evidence that upon termination of the lease agreement between the parties which was effective on December 31, 2001, Ochsner became owner of the property. Thus, according to defendant, Ochsner would have been the liable taxpayer for the taxes assessed for the 2002 tax year. However, there is no dispute in this case that notice of the delinquency and of the tax sale was not sent to Ochsner. Rather, the record shows that Burger King received notice of the 2002 tax delinquency and the 2003 sale. Further, plaintiff contends that Jefferson Parish correctly notified Burger King, as taxpayer on record as of January 1, 2002, and that the tax sale is therefore valid.
Based on the facts of this case, we find it unnecessary to reach the issue of whether notice was properly given in this case. Rather, we find this argument is pretermitted by the fact that the thing sold did not exist on the date of the sale. Accordingly, we find no error in the trial court's ruling that the sale was a nullity because the property had been demolished prior to the notice of tax delinquency and prior to the date of the transaction of sale.
In support of its claim for damages, plaintiff argues that at the tax sale, plaintiff fulfilled its obligation to pay the price and therefore defendant must deliver the thing sold. Relying on the provisions of La. C.C. art. 1986, plaintiff argues that based on the failure of defendant to deliver the thing, plaintiff is entitled to specific performance and/or damages. However, in the present case, the object of the sale transaction did not exist at the time of the sale, and this article is not applicable herein.
La. C.C. art. 2439 defines a contract of sale and lists three requirements for its perfection. Those requirements are the thing, the price, and the consent of the parties. La. C.C. art. 2456 requires a meeting of the minds on the thing, and the price, to perfect a contract of sale and transfer ownership. La.C.C. article 2438 provides that the contract of sale is governed by the rules of general obligation and contract law where no special provision is made. Gulf Container Repair Services, Inc. v. FIC Business & Financial Centers, Inc., 98-1144 (La.App. 5 Cir. 3/10/99), 735 So.2d 41, 43. Under Louisiana law, formation of a valid and enforceable contract requires capacity, consent, a certain object, and a lawful cause.
*500 Further, a contract is null when the requirements for its formation have not been met. La. C.C. art. 2029. Parties are free to contract for any object that is lawful, possible, and determined or determinable. La. C.C. art. 1971.
In the present case, the record indicates that pursuant to a lease agreement between the parties, Burger King was the owner of the subject improvements on January 1, 2002. However, in July of 2002, the parties terminated the lease agreement retroactive to December 31, 2001. At this point, Ochsner as lessor under the lease agreement, became owner of the improvements to the property. The record also shows that an owner of the improvements, Ochsner applied for and obtained a valid permit to demolish the improvements to this property. This demolition occurred in December of 2002 before the property taxes were assessed as delinquent by the parish.
According to La. R.S. 47:2180, the taxes on this property were deemed to be delinquent on January 2, 2003. However, on this date, the property had been previously destroyed by valid demolition permit, and the property ceased to exist. Although the issue of the tax liability remained outstanding, at the time the property was advertised for sale by the tax collector, there was no property to sell. Under these circumstances, the deed of sale to the purchasers of this property was invalid as there was no object to convey. Further, the deed could convey no more than the interest that the tax collector had in the property. Sabine Production Co. v. Guaranty Bank & Trust Co., 432 So.2d 1047, 1052 (La.App. 1 Cir.1983). As the property no longer existed at the time of the deed of sale by the tax collector to the plaintiff, no interest in the property was conveyed.
Under Louisiana law, there is no basis for confirmation of a tax title for property which does not exist at the time of sale. We reject plaintiff's argument that the actual date of the sale transaction was the date the value property was assessed; the record clearly indicates that the date of sale was June 3, 2003. Further, absent a valid contract of sale, there is no basis for application of provisions of La. C.C. art. 1986 regarding specific performance or entitlement to money damages.
We find therefore that plaintiff is not entitled to monetary damages in the amount of fair market value at the time of the assessment of the property. Certainly, the property was open to inspection and plaintiff should have been aware that the improvements had been demolished many months prior to the sale. Although we agree with the trial court's finding that the sale was therefore a nullity, we note as did the trial court that La. Const. Art. VII, Section 25(C)[1] requires return of purchase price to plaintiff as a condition for annulment of the sale.

Conclusion
Accordingly, for the reasons assigned herein, we conclude that the trial court correctly determined that the tax sale in this case was a nullity and that plaintiff is entitled to return of the purchase price with interest. The trial court's ruling granting summary judgment in favor of defendants Ochsner Clinic Foundation and Burger King Corporation, and denying summary judgment in favor of plaintiff *501 Emoneyport.com, Inc. is hereby affirmed. Plaintiff is to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] LA. CONST. Art. 7, Sec. 25 provides in part: No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, and until ten percent per annum interest on the amount of the price and taxes paid from date of respective payments are paid to the purchaser.