Brown et als. vs. Fry et als.

No. 13,260.

ROBERT BROWN ET ALS. VS. W. RAYMOND FRY ET ALS.

SYLLABUS.

A homestead claim filed during the existence of the community to land in posses-
sion of, and cultivated by, the community, during five years (proper applica-
tion having been filed and final proof made), is property of the community,
although the final receipt was issued after the dissolution of the community
by the death of the wife.

IN RE John Rollo applying for *certiorari* or writ of review to the
Court of Appeals, Third Circuit, State of Louisiana.

*Cline & Cline* for Petitioner.

*E. L. Wells* for Respondents.

The opinion of the court was delivered by

BREAUX, J. Relator urges that the decision rendered in this case
heretofore is erroneous, and that the judgment should be annulled.

The facts are, that Essex Brown, under the United States land
laws, made an application to enter a tract of land, and, on the 22nd
day of November, 1880, his application was granted. He paid the
required amount for the entry and went into possession. Having
complied with the law regarding the entry of land, on the 20th day of
November, 1886, testimony for final proof was taken; subsequently
final payment was made and final receipt was issued to him by the
government on the fourth day of February, 1887.

The entryman was married at the time that he presented his appli-
cation to enter the land, and he had a family consisting of his wife
and children. The evidence shows that after he entered the land, and
during the existence of the community, he resided thereon and culti-
vated it during five years, that is, from the date of the filing of the
affidavit to the day that final proof was made. The entry was a
homestead entry and no question of the irregularity is raised as
relates to it.

We have already stated that proof of entry was made on the 20th
of November, 1886. The wife of Essex Brown died in December,

1886, and the final receipt of the register and receiver issued February 4th, 1887.

Soon after Essex Brown had obtained his final receipt, he sold the land to several persons. They, in turn, sold to others whose names are given in relator's petition.

In May, 1897, Robert Brown and others who are the heirs of Mary Ann Kelly, late wife of Essex Brown, brought suit to recover from these vendees of Essex Brown the undivided half interest in the land, claiming it as community property. We are informed by the pleadings, that judgment was pronounced in favor of plaintiffs, Robert Brown et als. The case, on appeal, was remanded at the instance of defendant, relator here, by the Court of Appeals for another trial. A second judgment was entered, and on the second appeal before the Court of Appeals, judgment was again pronounced in favor of plaintiffs.

In the decision of which the relator complains, the Court of Appeals found, as a fact, that final proof was filed in the land department of the government before the death of the wife, but that the final certificate only issued after her death, that final proof settled the right of the community in the land and that, in consequence, plaintiffs are entitled to the undivided interest from the defendants.

Relator complains of the decision and seeks to have the judgment reversed.

We have not found that relator's grounds of defence are well founded. The title, in our view, was, beyond question, in the community and not exclusively in the surviving husband. The community, at the date of the wife's death was entitled to the homestead.

It only remained for the government to issue the final receipt. No power, not even the government itself, could, in law, divest the community of a right to a homestead which it had well earned, although a final receipt had not been issued at the date that the community was dissolved by the death of the wife.

The right of the community dates from the day of the marriage.

When Essex Brown ,the surviving partner in community, obtained his final receipt, the date of the right related back to the date of the original homestead entry of the land in so far as the community was concerned.

From the first, the wife had, as relates to the property, as much

right, as partner in commuity, to look forward to a complete owner-ship of the property as her husband.

The home of the husband, while in possession, was her home, his cul-tivation was her cultivation of the property. The retroactive effect of the final receipt issued by the government covered her right as well as that of her husband. The final receeipt was only evidence that the community had acquired the right to land by complying during five years with the law's requirements of its possession and cultivation.

In Morris vs. Covington, Executor, 2 Ann. 259, the court held that the heirs of the wife are entitled to one-half of the property pur-chased by the husband during the community subject to the debts of the community, though not paid for until after the death of the wife.

The entry of the land in the case before us for decision and subse-quent compliance with the homestead was, in our view, as complete an acquirement by the community as was the sale made in the case from which we have quoted *supra.* In another decision, property was acquired during the existence of the community and, after the disso-lution of the community, the title was perfected by the survivor paying the purchase price. The court held that the property belonged to the community, and the purchase price so paid is a com-munity debt.

Nicholas Moniotte vs. F. O. Lieux *et als.*, 41 Ann. 528.

In the case before us, the property was acquired during the com-munity, and the evidence of the right was delivered after the commu-nity had been dissolved. The property was that of the community.

In answer to relator's proposition that a final receiver's certificate is not sufficient evidence of title upon which to base a petitory action, and that it followed in the case here that it was not sufficient evi-dence to sustain the defence presented, we can only say that the courts have repeatedly decided that such receipts are evidence enough to base a petitory action thereon. In Simien vs. Perrodin, 35 Ann. 931, the court determined that land held under a certificate of entry was sufficiently vested in the grantee to enable him to sustain his action for the land.

Relator's counsel have attempted to difference the force and effect of a receiver's receipt in homestead entries from those issued under the preemption and other laws. We have not found that the con-tention is sustained by authorities. We have found no authority upon which to base the conclusion that a receiver's receipt in a home-

stead case is not evidence enough to enable one holding under the homestead law to hold the land as owner. The patent is only a cumulation of proof regarding his rights and is not essential to make proof of ownership, if the entryman had previously complied with the law. Moreover, all parties ground their claims on this certificate. If it is not sufficient evidence as relates to the rights to the land claimed by the heirs of the wife, as coming to them from the community, it is not evidence enough as relates to the husband. The title would be incomplete and lacking in essentials as relates to all the parties, but such is not the case; it is valid and binding and one which may support a petitory action.

Those who held the property under his certificate connot be heard to assail the title under which they have possession and claim ownership.

The foregoing we consider reasons enough to deny the writ.

Relator presses upon our attention an asserted error, he contends in the brief, was committed by the District Court in rejecting certified copies of the evidence forwarded to the commissioner of the land office, taken when Essex Brown filed his proof papers before the Land Department. Brown, it appears, swore, while being examined in his own behalf, that his wife died some time prior to the date of the final proof. This was manifestly error, as all the evidence and the pleading show that she died some time after the date of the final proof. It (the final proof) was dated, we have already said, November 20th, 1886. His wife, Mary Ann Kelly, died December 24th, 1886.

Plaintiff's counsel (respondent's counsel here) objected on the ground that so far as Essex Brown's testimony was concerned, it was *ex parte*.

Other objections might have been urged to this evidence. It was clearly testimony in a previous proceeding to which plaintiffs were not parties. The ruling of the district judge was proper.

Relator claims and further objects that the present holders of the title are purchasers without notice and that their vendors were also purchases without notice. We think it sufficient answer to say that one cannot avail himself of the plea of the want of notice when he is the vendee of an immovable not owned by his vendor or by their authors.

Moreover, one is charged with notice when he buys in the face of

the fact that the vendor was not, under the statute, the owner of the whole property, one-half, under the regime of the community being the property of the wife; it being in the name of the vendor and survivor of the community at its dissolution.

It is therefore ordered, adjudged, and decreed that the order *nisi* which was issued in this case be recalled and cancelled.

It is further ordered and decreed that relator's application be rejected and the proceedings dismissed.