LAND, J.
Plaintiff alleged ownership and possession of the N. y2 of the S. W. % and the S. y2 of the N. W. % of section 21, township 3 S., range 11 E.; that he acquired the land by purchase from Warren G. Green on September 7, 1898; and that Green acquired from the state of Louisiana in the year 1897.
The petition alleged that Green entered the land in 1896, resided thereon for 14 months, at the expiration of which time he made application and proof of his settlement and received a final receipt, which was duly recorded in the parish of Washington. Plaintiff alleged that said final receipt and the record thereof was destroyed by the fire which burned the courthouse of said parish on March 17, 1897.
Plaintiff further alleged that the register of the state land office received the application and proof of the said Green, but failed to make an entry of the same on the records of his office; and therefore no patent was ever issued to said Green for the above-described land.
Plaintiff further alleged that the defendants, in June, 1905, made affidavit that the said Green had never complied with the law, and upon such affidavit, and without notice to the said Green or to plaintiff, the said register canceled the entry of the said Green and issued a patent for said land, in violation of law and the rights of the plaintiff as assignee of the said Green.
Plaintiff prayed for judgment canceling the patent issued to the defendants, and recognizing plaintiff’s right, as vendees of the said Green, to the land in question.
Defendants answered, averring ownership and possession, under the patent referred to in the petition, of the land in controversy, denying that the said Green ever complied with the law in perfecting his homestead, and specially denying that the said Green ever received the receiver’s final certificate, or any document of a similar nature.
The case was tried, and the plaintiff has appealed from a judgment in favor of the defendants.
Babington Bros, purchased the land in dispute from W. O. Green in September, 1898.
It appears from the records of the state land office that the land in dispute was entered by Warren Green on August 20, 1896, and that the entry was “canceled by default. Act 42 of 1886.” This act authorizes the register of the state land office to cancel all entries “where parties have failed to make proof, as required under the homestead act and act of settlement and cultivation.”
[2] It appears from Green’s testimony that he built a small box house and stables for oxen on the land in dispute, but never cultivated any portion thereof, because it was too wet, and lived on the premises 18 months. Green was an employé of Babington Bros., and testified that after his sale to them he forwarded, by mail, proofs of settlement and money (amount not stated), furnished by Babington Bros., to the register of the state land office, for the purpose of perfecting the entry. Green testified that he never received any final receipt or other document from the register. The alleged failure of that official to acknowledge receipt of the proofs and money was well calculated to provoke inquiry on the part of Green and his vendees; but they remained silent and inactive until after the patent issued to the defendants seven years later.
[1] As an initial homestead or pre-emption entry confers no title, Green had no title to convey to Babington Bros. If, as alleged, proofs and money were sent by mail to the *687 register, there is nothing to show that the proofs and the amount were sufficient to entitle Green to a final receipt or certificate of entry. Hence the evidence before us is entirely insufficient to show that Green had any vested interest in the land when the patent issued in 1905. The records of the land office at that time showed an initial entry made in 1896, which had been .canceled for failure of the applicant to make the statutory proof. The patent must prevail, as the plaintiff has not shown a prior equitable or legal title, indefeasible by the action of the land department. Leblanc v. Ludrique, 14 La. Ann. 772.
Judgment affirmed.