LAND, J.
 

 Sam Kendall died intestate in the parish of Caddo, leaving a lot with improvements thereon in Lincoln Heights subdivision in the city ■of Shreveport, La.
 

 John Kendall was appointed administrator of the estate of deceased.
 

 On June 23,1918, deceased married defendant, Leander Kendall. After his death, defendant, his surviving widow, disregarded the succession proceedings and the claims of Hearsey Moore, Jr., minor grandson and sole direct descendant of deceased, and, in an independent proceeding, No. 48522 in the district court of Caddo parish, attacked the legitimacy of Hearsey Moore, Jr., and caused herself to be recognized as surviving widow in community and sole heir of deceased, and to be sent into possession of his entire estate.
 

 John Kendall, administrator of the succession of deceased, and tutor of the minor, Hearsey Moore, Jr., has brought the present suit to set aside the orders and judgment rendered in proceeding No. 48522 in the lower court, and to have Hearsey Moore, Jr., decreed to be the rightful heir of Sam Kendall, deceased, and entitled to his estate, and ordering defendant, Leander Kendall, to disclaim any title or right to the property, or to assert such rights as she may have to same.
 

 The evidence shows that Sam Kendall, deceased, married Addie Brown July 6, 1896, and that one child, Sammie Kendall, was born of this marriage. Sammie Kendall married Hearsey Moore about February 16, 1911, and of this union one child, Hearsey Moore, Jr., was born, the grandson and only heir of Sam Kendall, deceased.
 

 In the judgment of the lower court, Hearsey Moore, Jr., is recognized as the sole heir of Sam Kendall, deceased, and the attack upon his legitimacy has been withdrawn by defendant, Leander Kendall, in her brief on appeal to this court.
 

 Addie Brown, first wife of Sam Kendall, deceased, died, and on January 16, 1909, deceased married Yassie Monroe, his second wife, and was divorced from her on December 8, 1913.
 

 On June 23, 1918, Sam Kendall, deceased, married defendant; Leander Cox, his third wife, and died March 5, 1928.
 

 On December 4, 1912, during his marriage to Yassie Monroe, his second wife, Sam Kendall, deceased, entered into the following written agreement with H. L. Heilperin:
 

 "State of Louisiana, Parish of Caddo
 

 "This agreement this day entered into between H. L. Heilperin and Sam Kendall both residents of Caddo Parish. La.
 

 
 *151
 
 “The said H. L. Heilperin, hereby agrees to sell and make title to Sam Kendall the following described property:
 

 “Lot number Ten (10) of Lincoln Heights as per plat filed and recorded in the office of the recorder in Shreveport, Oaddo Parish, La., and all improvements thereon.
 

 “This sale is made in consideration of the purchase price of $550.00 Dollars with 8% interest from December 4th 1912, payable as follows:
 

 “$50.00 cash in hand paid receipt of which is hereby acknowledged, balance in monthly installments of $10.00 or more at the option of the said Kendall payable on the 1st of each month beginning February 1st; 1913, with
 
 8%
 
 interest.
 

 “The said Kendall obligates himself and agrees to keep the house on the above described property insured in favor of the said H. L. Heilperin for not less than $200.00 and to pay all taxes and insurance on said property for each subsequent year.
 

 “It being especially agreed and understood by both parties to this agreement that in the event the said Kendall should fail or refuse to make the payments as above stipulated that he shall forfeit all cash and monthly payments to the said H. L. Heilperin as rent for the use of the said above described property and that he will vacate same and' permit the said H. L. Heilperin to take possession of it without legal process.”
 

 On December 4, 1920, during the marriage of defendant, Leander Kendall, to Sam Kendall, deceased, the widow and Miss Natalie Heilperin, the sole heir of H. L. Heilperin, deceased, made a formal deed by authentic act, with full warranty of title, and for a cash consideration of $550.00, to “Sam Kendall, husband of Leander Oox, residents of Oaddo Parish, La.,” of lot 10 of Lincoln Heights subdivision of the city of Shreveport.
 

 It is clear from the language of the agreement of December 4, 1912, made during the second marriage of Kendall to Vassie Monroe, that the parties to this agreement did not intend a sale, transferring title to the property, until after the payments had been ■ made in pursuance of the terms of the contract.
 

 It is also. clear that the parties to the agreement intended that a deed should be executed after the payments had been made, and this deed was in fact executed on December 4, 1920, during the third marriage of Kendall to Leander Kendall. Pruyn v. Gay, 159 La. 981, 106 So. 536.
 

 It is well settled, in so far as immovables are concerned, that: “Neither consent, nor delivery, nor payment of price suffice to transfer the ownership; there must be a deed translative of the title.” Trichel v. Home Ins. Co., 155 La. 462, 99 So. 403, 404; Campbell v. Richmond Ins. Co., 156 La. 455, 100 So. 679; Pruyn v. Gay, 159 La. 985, 106 So. 536.
 

 Article 2402 of the Civil Code, in defining what belongs to the community, states that the partnership or community consists, among other things, “of the estate(s) which they [husband or wife] may acquire during the marriage * * * by purchase, * * * even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when
 
 *153
 
 the purchase is made is' alone attended to, and not the person who made the purchase.”
 

 Acquisition by purchase, within the intendment of this article, clearly means that there must be an act of sale transferring title to real property, and not merely an agreement to sell.
 

 The evidence in the case shows positively that the title to the lot in question was not transferred until the act of sale to Sam Kendall was made December 4, 1920, during the existence of the community between Kendall and defendant, Leander Kendall. The property, therefore, clearly belongs to this, the third community.
 

 The district judge found, however, that the property belonged to the second community, existing between Sam Kendall and Vassie Monroe; that the heir of Sam Kendall is the owner of one-half of the lot; and that the heirs of Vassie Monroe are the owners of the other half.
 

 The district judge also found that, at the date of the marriage of Leander Cox, June 23, 1918, Sam Kendall had paid all but $121 on the property, which was paid out during his marriage to defendant, and deed was made December 4, 1920; and that “the succession of Sam Kendall is entitled to whatever sums were paid on the said lot after the divorce, December 8, 1913 and prior to the marriage with Leander Cox, June 23, 1918, and one-half of the $121.00 paid out during the marriage with Leander Cox, she being entitled to the other half of said sum.”
 

 Since the lot in dispute belongs to the com.munity existing between Sam Kendall and Leander Cox or Kendall, Hearsey Moore, Jr., the sole heir of Sam Kendall, deceased, inherited his half interest in this property, and the other half became the property of Leander Cox or Kendall, the surviving widow in community.
 

 As the property in question belongs to this community, we fail to see how either the succession of Sam Kendall, deceased, or the defendant, his surviving widow, can claim one-half of the $121, paid out during their marriage as balance due on - the property. These were community funds paid on property belonging to the community.
 

 It is clear, however, that the succession of Sam Kendall is entitled, as against the community, to such sums as were paid on the lot after the divorce of Sam Kendall from Vassie Monroe, his second wife, December 8, 1913, and prior to his marriage to Leander Cox, his third wife, June 23,1918.
 

 The administrator has answered the appeal taken by defendant, Leander Kendall, .from the judgment of the lower court, and has prayed that same be amended so as to reject the award of one-half of $121 to defendant.
 

 It is therefore ordered that the judgment ' appealed from be annulled and reversed.
 

 It is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff, John Kendall, administrator of the succession of Sam Kendall, deceased, and tutor of the minor, Hearsey Moore, Jr., and against defendant, Leander Kendall, canceling and an- ' nulling all orders, judgments, and proceedings in suit No. 48522 in the lower court, in which defendant, Leander Kendall, was recognized
 
 *155
 
 as the heir of Sam Kendall and entitled to full ownership of all the community property, and particularly lot 10 of Lincoln Heights subdivision in the city of Shreveport.
 

 It is further ordered, adjudged, and decreed that Hearsey Moore, Jr., be, and is hereby, recognized as the sole heir of Sam Kendall, deceased, and that he is the owner of the one-half interest of Sam Kendall, deceased, in lot 10 of Lincoln Heights subdivision in the city of Shreveport, La., said property having been acquired by purchase during the existence of the community between Sam Kendall, deceased, and defendant.
 

 It is further ordered, adjudged, and decreed that defendant, Leander Kendall, be, and is hereby, recognized as the surviving widow in community of Sam Kendall, deceased, and that she is the owner of a one-half interest in lot 10 of the Lincoln Heights subdivision in the city of Shreveport, La., the ownership of the said Hearsey Moore, Jr., and of the said Leander Kendall being full and complete, but subject to the administration and payment of the debts of the succession of Sam Kendall, deceased.
 

 It is further ordered, adjudged, and decreed that there be judgment in favor of John Kendall, administrator of the succession of Sam Kendall, deceased, and tutor of Hearsey Moore, Jr.', against the community existing between Sam Kendall and defendant, for all sums paid by Sam Kendall, deceased, on the lot in question after his divorce, December 8, 1913, from Vassie Monroe, and prior to his marriage with Leander Cox, June 23,1918, and that defendant, Leander Kendall, pay the costs of this court and of the lower court.