FOURNET, Justice.
 

 This suit was instituted by Emmeline Gibson, surviving widow of Chesley Gibson, against forty-six named defendants to recover an undivided one-fourth interest in and to the S. % of N. W. J4 of section IS, township 23 north, range 16 west, Caddo Parish, La., which she alleged belonged to the community that formerly existed between her and the decedent and which property was in his possession at the time of his death.
 

 The basis of plaintiff’s claim is that the northwest quarter of said section was entered as a homestead from the state of Louisiana on the 22d of March, 1890, by Chesley Gibson, whom she married on December 1, 1897; that final proof in support of the homestead entry was made by her husband on January 16, 1899; and that on March 21, 1900, he received a patent therefor from the state of Louisiana. At the time of her husband’s death, January IS, 1933, there remained undisposed of by Chesley Gibson an undivided one-half interest in the south half of the said quarter section, which she claims is community property.
 

 The defense is that the plaintiff has no interest in the property for the reason that the property was entered by Chesley Gibson under the homestead laws of the state of Louisiana, being Act No. 64 of 1888, and that he had complied with all the requirements of the act with the sole exception
 
 *863
 
 of filing the affidavit of final proof after he completed his residence and occupation of the land during the period required by the act prior to his marriage to the plaintiff.
 

 ' The lower court held that the .property belonged to the- community formerly existing between plaintiff and the decedent and rendered judgment in her favor ás prayed for. From this judgment the defendants, Earle G. Williamson, O. J. Rowe, F. E. Lacaze, Edwin S. Klein, John T. Guyton, Mrs. M. J. Gunning, Felix P. Larmoyéux, George T. Naff, H. S. Sparlce, W. Perrin Sparke, Mrs. Betty Stock, Pat Studstill, Alpha Beck, Herman Brown, M. T. Glass and J. R. Bozeman, Archester Gibson, Arnold Gibson, John Gibson, Annie Gibson Rodney, and John Gibson, administrator of the succession of Thad Gibson, have appealed.
 

 The facts are undisputed and are as follows: Chesley Gibson made a homestead entry, under the provisions of Act No. 64 of the General Assembly of the state of Louisiana for the year 1888, of the entire northwest quarter of section 15, township 23 north, range 15 west, Caddo parish, from the state of Louisiana, on March 22, 1890. At the time that he made this entry he was married to his first wife, Silar Jackson, who died in the year 1895. The exact date of the death was neither alleged nor proved. Of this union five children were born: Thad, John, Arnold, Archester, and Annie Gibson. On December 1, 1897, Chesley Gibson married Emmeline Gibson, plaintiff here. Final proof in support of his homestead entry was made on January 16, 1899, and he received his patent from the state for the property on March 21, 1900. At the time of the death of Chesley Gibson, on January 15, 1933, there remained an undivided one-half interest in and to the south half of the said quarter section undisposed of by him.
 

 The trial judge, in his written reasons for judgment, correctly stated the issues raised and properly disposed of them, from which we quote with approval the following:
 

 “The first point for consideration is whether the property acquired as a homestead from the State of Louisiana by Chesley Gibson fell into the community of acquets and gains existing between him and plaintiff, as they were married prior to the making of final proof of the homestead. If the case was to be decided under the law relating to United States homestead entries, there would be no question about the matter as it has been repeatedly held that the title does not vest in the entryman until final proof has been made and that the date of final entry would govern. (See Doucet v. Fontenot, 165 La. 458, 115 So. 655; Wadkins v. Producers’ Oil Co., 130 La. 308, 57 So. 937; Crochet v. McCamant, 116 La. 1, 40 So. 474, 114 Am.St.Rep. 538; Brown v. Fry, 52 La.Ann. 58, 26 So. 748.) Counsel for defendants, however, contends that since this is an entry under the State land laws that a different rule governs and that the property vests at the time of the entry and upon final proof and issuance of patent that these relate back to the date of original entry.
 

 “We find that the State homestead laws and the U. S. Government homestead laws almost identical in every particular with
 
 *865
 
 the exception that in the section relating to the disposition of the land where the entryman dies before making final proof, Under the Federal law, the wife has the right to prove up the'homestead and secure . a patent in her own name; while under the State law, if the entryman dies his heirs may prove up the homestead and secure patent, thus defeating any rights a wife may have in the entry.
 

 ' “Sovereign powers have the right to dispose of their public lands in any manner they see fit and the fact that the State of Louisiana has not seen proper to provide that the wife might prove up a homestead and become the owner of the property is of no concern in this case. The fact that the law of Louisiana does provide for a disposition of the property in the event of the death of the entryman before making final proof is proof to my mind that it was considered that until final proof was made that the property belonged to the State of Louisiana and it could and does decree to whom it may go in the event of the death of the entryman before final proof.
 

 “We think that the point in contest here can, be decided by saying that when the Sovereign loses control over the disposition of the property, when the ownership vests in the entryman, -and that time does not arrive until the making of final proof, thereafter if the entryman dies, the heirs under the State laws can enforce the issuance of a patent, and we hold that it is not the date of applying for a homestead, the payment of fees or the five years residence upon the land, that vests the title in the homesteader so that it may be dealt with under the inheritance laws of the State, but the date of final proof is the time when the State loses the control over the disposition of the property under the Homestead laws and it is passed on under the inheritance laws of the State.
 

 “It is true that a Homesteader acquires ‘right’ under the homestead entry and these rights may in time ripen into an ownership of the property homesteaded, * * * but still the property vests in the State until the making of final proof. The ‘acquisition’ of the property became a fact at the time of making the final proof and only upon making the final proof. Then the date of the ‘acquisition,’ that is, the date of the final proof, determines whether the property is community property of the marriage in existence on that date.
 

 “We find no decisions directly deciding the question here involved relating to State homestead entries, but we .find ah analogous case relating to land in Louisiana, in the case of Kendall v. Kendall, 174 La. 148, 140 So. 6, 8, wherein the husband contracted to purchase land during a prior marriage, paying $50.00 cash and agreeing to pay $10.00 per month and over a period of 12 years paid the purchase price. However, he had married a second time before he had paid all of the purchase price. The balance was paid and a deed received during the second marriage. The court held that there was no ‘acquisition by purchase’ until receipt of deed during the subsequent marriage as regards community ownership. If a man does riot become the ‘owner’ of the property purchased under contract at the time of making the contract so that it would vest as of the date of the con
 
 *867
 
 tract,
 
 much less
 
 do we think that a homestead entry would vest the ownership as of the date of the entry.
 

 “The five children of Chesley Gibson by his first wife have in their answer pleaded that T. Chesley Gibson as head and master of the community existing between himself and plaintiff acknowledged, publicly and privately, that the property here in controversy belonged to these five defendants by virtue of the partition deeds herein referred to, and that said acknowledgments estop plaintiff from claiming an interest in the property. No testimony was adduced in support of this plea other than the deeds referred to. The plaintiff was not a party to these deeds, and of course, is not bound by the recitals therein, unless it be shown that she acquiesced therein, but, as stated, there is no evidence to that effect. Moreover, it is not certain that the deeds reflect the facts for which these defendants contend. At the time these so called partition deeds were made it appears that The Rodessa Oil & Land Co. was the owner of an undivided one-half interest in the whole property and Chesley Gibson the owner of the other undivided one-half interest and that by the partition the Rodessa Oil & Land Co., acquired the whole of-the North half of N. W.
 
 Vi,
 
 and Gibson acquired the whole of the South half of the N. W.
 
 Vi.
 
 It appears more likely that the Rodessa Oil & Land Co. was securing a partition of their interest from that of Gibson rather than the making of a partition on the part of Chesley Gibson and these five defendants. Estoppel is not favored under our law. Titles can not be created by estoppel. We have held that the community between Chesley Gibson and his first wife did not own this N. W.
 
 Vi
 
 and no acknowledgment or statement on the part of Chesley Gibson could create a title in favor of that community as opposed to the community between himself and plaintiff herein. Since it is not shown that plaintiff was a party to the instrument of the so-called partition and since there is no evidence of any acquiescence or declarations by her against her interest, the plea of estoppel as against her is not well founded.
 

 “Chesley Gibson sold a half interest in the N. W.
 
 Vi
 
 and thereafter the five children of his first wife acquired that half interest in the South half of the N. W.
 
 Vi
 
 and
 
 no more,
 
 leaving
 
 the
 
 undivided one half interest in Chesley Gibson and this half was community property between plaintiff and the said Chesley Gibson and since the death of Chesley Gibson it follows that plaintiff is entitled to judgment as prayed for.”
 

 For the reasons assigned, the judgment of the lower court is affirmed at appellants’ costs.