CURTIS, Judge ad hoc.
On July 14, 1925, Sidney J. Ducros, now deceased, took title to certain property in Jefferson Parish. On the same day he executed a counter letter in favor of his brother, Robert L. Ducros, plaintiff and appellee. In the counter letter Sidney Ducros declared that the title to the property was placed in his name at the request of, and for the convenience of Robert Ducros, who was the real purchaser, and that the consideration expressed in the deed was in reality paid by Robert Ducros, and that he, Sidney Ducros, paid no consideration whatsoever and had no real title thereto. Further Sidney Ducros bound himself, his heirs, executors, administrators or assigns to convey said property by proper title to Robert Ducros whenever requested to do so, and that in making said conveyance no price or consideration was to be paid to Sidney *783 Ducros or his heirs. Finally the counter letter provided that should ■ same be registered it would have the effect of transferring title to the real owner thereof, Robert L. Ducros.
Sidney J. Ducros died in 1926, leaving a mother, two sisters and two brothers. One of the sisters is Mrs. Claire Ducros, wife of John P. Couret, defendant and appellant.
The succession was duly opened and the aforesaid heirs accepted it unconditionally and, on December 16, 1926, there was judgment putting them in possession of all of the property of decedent, including this Jefferson Parish property. The three-sixteenths interest in this property, vested by the judgment of possession in Mrs. Couret, is the subject of this suit.
The counter letter was registered in the Conveyance Office of Jefferson Parish on May 19, 1949, and demand was made upon defendant and appellant to acknowledge by quitclaim deed that Mrs. Couret was not entitled to any interest in said property. She failed to comply with the demand, and this suit followed.
The petition seeks to have Robert L. Ducros recognized as the owner of property alleged to be in possession of the defendant. It has all the elements of a petitory action, and in the trial court it was apparently regarded as such -by both plaintiff and defendant.
The defense was that of no cause or right ■ of action, judicial estoppel and prescription.
From a judgment in favor of plaintiff, defendant has appealed.
In defendant’s brief in this Court there is raised for the first time the question of jurisdiction ratione materiae. Defendant also reiterates her exception of no right or cause of action and judicial estoppel. No mention is made in appellant’s brief of the plea of prescription, and same is apparently abandoned.
Although no formal plea to the jurisdiction of the District Court has been filed, if the record shows that the Court ■below was without jurisdiction ratione ma-teriae we are required to dismiss the suit, even though there has been no such plea. Lopez v. Bertel, La.App., 198 So. 185.
 We are of the opinion, however, that the record does not show lack of jurisdiction, but, on the contrary, discloses that the suit was properly brought in Orleans Parish, the domicile and residence of defendant.
The plea to the jurisdiction is based on the ■ contention that neither plaintiff nor defendant was in possession of the property and that therefore the action was not a petitory action, but one under LSA-R.S. 13:5062 (formerly Act 38 of 1908) which provides as follows:
“In all cases where two or more persons lay claim to land by recorded title and where neither of the claimants are in the actual possession of the. land so claimed, either of the claimants may bring suit against one or all the adverse claimants, and for that purpose may join one or more adverse claimants in the same suit as defendants, to have the titles to the land adjudicated upon by the court having jurisdiction of the property. It shall not be necessary for the plaintiff to allege or prove possession in himself or the defendants. This action shall be known as the action to establish title to real estate. * * * ”
This statute is not applicable to this case because it only applies to cases where neither of the claimants is in actual possession of the land claimed. In this case plaintiff’s allegation that defendant was in possession of the property was not only not denied by defendant, but by her plea of prescription she necessarily admitted possession. The objection to the jurisdiction ratione ma-teriae is therefore not well founded.
The exception of no cause of action is also without merit because, as appears from defendant’s brief, that exception was based on the theory that the only suit which plaintiff could have brought was one under the *784 Act of 1908. As'pointed out, this act is not applicable to this proceeding.
This leaves only the defense of judicial estoppel, which is based on the point that in the Succession of Sidney J. Ducros, Robert' L. Ducros made an affidavit to the effect that the property herein involved belonged to decedent. It is further contended that defendant relied on said judicial allegations in the following manner:
(1) The succession of her brother, Sidney J. Ducros, was accepted by her and she specifically ássumed the -outstanding debts and obligations of the decedent based upon the amount of property inventoried;
(2) She paid Inheritance Taxes based upon the inventoried values of the land herein involved; and
(3) She joined in as vendor and warranted title to five of the said twenty-two lots of ground.
The plea of judicial estoppel could perhaps be asserted by a third person who had acquired title on the faith of recorded public records, but it cannot be asserted by defendant, whose only claim to the property is as an heir o-f the party who executed the counter letter. Sidney J. Ducros could not plead estoppel against .Robert L. Ducros, in the face of the counter letter which he, Sidney, executed. Mrs. Couret who accepted the succession has no greater right than decedent. In fact by accepting the succession she assumed the obligations of decedent, Sidney J. Ducros. One of those obligations was to recognize and comply with the counter letter.
Furthermore, title to real estate cannot be created by estoppel. Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225; Pan American Production Co. v. Robichaux, 200 La. 666, 8 So.2d 635; Gibson v. Pickens, 187 La. 860, 175 So. 600.
The property which was the subject of the counter letter originally comprised twenty-two lots of ground in Jefferson Parish. By an act. of.- sale signed by both plaintiff and defendant five of these lots have already been sold, and therefore the judgment in this case can only apply to the remaining seventeen lots. While the judgment of the District Court is not altogether clear on this point, we construe same as ■being only applicable to the seventeen lots which were the basis of this suit.
We conclude that the defendant has no claim or title to the undivided three-sixteenths interest in said lots and therefore that the judgment of the District Court was correct and is affirmed.
Affirmed.