PONDER, Justice.
The relators, heirs of Michael Beauboeuf, brought this mandamus proceeding against the Governor and the Register of State Land Office, seeking to compel the issuance of a patent to 132.23 acres of land situated in Catahoula Parish.
*79 Michael Beauboeuf made application, on September 20, 1883, to enter the lands in controversy under the provisions of Act 21 of 1871. See LSA-R.S. 41:501 to 41:509. He resided on the land until he died in 1916 and thereafter his heirs, some of whom were residing on the land, made application for a patent by submitting affidavits to the Register of State Land Office on September 7, 1926. The application was refused on the ground that the affidavits did not show residence and cultivation and the heirs again applied for a patent on July 24, 1948 and the patent was-refused on the ground that the lands had been transferred to the Board of Commissioners of the Tensas Basin Levee District on February 9, 1948 and that the original application had been cancelled previously thereto. On hearing, the rule, issued in this case, was recalled, mandamus denied and the suit was dismissed at relators’ cost. The relators have appealed.
The relators contend that the cancellation of the homestead entry without notice was unlawful, that Act 215 of 1908, LSA-R.S. 41:131 to 41:136, and Act 283 of 1914, see LSA-R.S. 41:131 note, 41:134, providing for the reinstatement of applications for homestead entry, superseded Act 42 of 1886; that Act 42 of 1886 violates Article 1, § 10 of the Federal Constitution and Article 1, § 2 of the State Constitution; that the homestead entry and settlement by Michael Beauboeuf constituted a severance of the lands from thv public domain investing title in Beauboeuf and his heirs and that the transfer of the lands to the Tensas Levee District was null and void.
While, on the other hand, the respondents contend that no proof of actual residence and cultivation of the lands was ever submitted, either by Michael Beauboeuf or his heirs, as required by Act 21 of 1871, as amended, and that the evidence in this case fails to establish such facts; that no effort was made to submit such proof until many years after the time permitted by law for offering final proof had elapsed and that therefore the action of the Register of State Lands in cancelling the application for homestead entry and transferring the lands to the Tensas Levee District was fully authorized.
Under the provisions of Section 2 of Act 21 of 1871, a patent cannot issue until there is proof of actual settlement and cultivation. This proof must be submitted five years after the date of the entry or at any time within two years thereafter. No affidavits were submitted as final proof in this case until 1926, forty-three years after the original entry, and the Register refused to issue a patent on the ground that the proof of residence and cultivation was not sufficient. The evidence shows, and it was so concluded by the trial judge, that there was no continuous residence on the land and that it was never cultivated as required by Act 21 of 1871. Under the provisions of Act 21 of 1871, notice to the entryman was required if the issuance of *81 the patent was to another person. Act 42 of 1886 authorized the Register of State Land Office to cancel all homestead entries where final proof had not been made and no notice was required to be given to the entryman. Although the Register of the State Land Office was fully authorized to cancel the entry after the passage of this act, the entry was not cancelled until after 1920.
Insofar as the relators’ contention that Act 215 of 1908 and Act 283 of 1914 supersede Act 42 of 1886, providing for reinstatement of an application for entry, it is sufficient to say that the entry was not cancelled until after the relators failed to submit the timely proof required by law. Relators’ contention, that Act 42 of 1886, authorizing the Register of State Lands to cancel entries when proof had not been made, violates the Federal and State Constitutions by failing to require notice to the entryman, can afford the relators no comfort because the entry was cancelled many years thereafter on the failure of the relators to timely submit sufficient proof for the issuance of a patent. Moreover, it has been held that under Act 42 of 1886 an entry may be cancelled by default without notice to the entryman and that an entry confers no title when the entry is cancelled for failure of the entryman to make the statutory proof. Babington Bros. v. Thomas & Williams, 131 La. 684, 60 So. 77.
We cannot accept relators’ contention that the entry of Michael Beauboeuf constituted a severance of the lands from the public domain and invested title in Beauboeuf and his heirs. Neither an entryman on public lands nor his heirs acquire any vested interest therein until final proof is made and final certificate is issued. Brewer v. Hill, 178 La. 533, 152 So. 75. See also Gibson v. Pickens, 187 La. 860, 175 So. 600, and Wadkins v. Producers Oil Co., 130 La. 308, 57 So. 937.
In the case of Broussard v. Broussard, 43 La.Ann. 921, 9 So. 910, cited and; relied upon by the relators, it was held that as to third persons the issuance of a certificate of entry is sufficient evidence of title to support an action. To the same effect is the cited case of La Terre Co., Inc., v. Billiot’s Shell Island, Inc., 5 Cir., 103 F.2d 53. But as between the entryman and the sovereign power the certificate of entry is only an inchoate or equitable title and does not become perfected until the requisites of law are fully complied with. La Terre Co., Inc., v. Billiot’s Shell Island, Inc., supra.
Counsel for the relators have cited language used in cases which might give the impression that lands are severed from the public domain by the entry certificate but a careful reading of the cases and jurisprudence shows this is not true where the final proof does not comply with the law *83 requiring the entryman to show that he continually resided on and cultivated the land for five years.
For the reasons assigned, the judgment is affirmed at relators’ cost.