TATE, Judge.
This appeal concerns the opposing claims of Bryant and Long, each of whom had under state statute made homestead entry of the same 35-acre tract of land. Subsequent to administrative hearing, the Register of the State Land Office determined the contest in favor of Long and rejected Bryant’s claim. Bryant appealed the Register’s decision to the district court of Cal-casieu Parish, which had jurisdiction as the parish in which the contested lands are sit *24 uated. LSA-R.S. 41:14, 41:18, 41:461, 41:462, 41:549.
As provided by the cited statutes, the district court tried the issues de novo. It then rendered judgment rejecting the demands of the plaintiff-appellant Bryant that Long’s homestead entry be decreed invalid and that he, Bryant, be decreed to have a prior right to the contested lands. Bryant now appeals to this court.
Both parties seek to acquire title by homestead entry to a 35-acre tract which had been adjudicated to the state for the unpaid taxes of 1930. Under pertinent statutory provisions, a qualified individual may make homestead entry of 160 acres or less of tax-adjudicated lands and may thereafter secure a patent of title to the tract homesteaded if he lives upon and cultivates the land for a period of five years. LSA-R.S. 41:541 — 41:552.
Both parties applied to the State Register and made formal homestead entry of the present contested tract. At all times prior to both entries, both parties lived upon and possessed small acreages contiguous with the tract homesteaded. The appellant Bryant had made homestead entry of the tract in 1951. Some nine years later, the appellee Long in 1960 likewise made homestead entry of the same tract, when the Register cancelled Bryant’s earlier homestead entry upon his default in making final proof of his claim within the statutory period.
By his appeal to this court, Bryant contends: (a) that he had acquired certain pre-emptive or prior rights either to purchase the tract from the state or else to perfect his homesteading patent to the tract, by reason both of his 1951 entry and also of his immediately entering into residence upon and cultivating the tract for some nine years prior to Long’s application for homestead entry; and (b) that Long’s subsequent 1960 homestead entry was deficient in certain respects, so that Long’s 1960 entry should be decreed invalid and Bryant, as successful contestant, be accorded the preferential right to re-apply to homestead the land, see LSA-R.S. 41:549.
1. Did the appellant Bryant acquire any priority rights by reason of his 1951 homestead entry and his residence upon and cultivation of the tract from 1951 to date?
Whatever the substantial equities in his favor, nevertheless the law grants Bryant no vested right or preference by reason of his prior homestead entry and settlement of the contested tract.
On October 4, 1951, Bryant had obtained homestead entry to the contested tract. Homestead Entry No. 2256. Both the entry certificate itself and the letter of transmission noted that he must reside upon and cultivate the homesteaded tract for five years from the date of entry; and that within two years from the expiration of these five years he must file proof of his actual settlement and cultivation, failing which his homestead entry would be can-celled. Tr. 215, 217. This latter information referred to the statutory requirement, LSA-R.S. 41:544, that a homestead entrant shall be entitled to a patent of title “if, at the expiration of the five year period or any time within two years thereafter”, he makes final proof of his 5-year residency and cultivation which entitle him to a final patent.
The Register’s records show that in 1955 a letter was sent to Bryant reminding him that he had until 1958 to make final proof of his homestead claim, and that on October 29, 1958, another letter was sent to him noting that his entry was cancelled due to his failure to make final proof within the statutory period. Tr. 206, 202. Unfortunately for Bryant, the postal department returned these notices to the Register’s office, since his rural route address had been changed subsequent to the address shown by his initial application. Tr. 201.
In 1960, the appellee Long made formal homestead entry of the same tract, as now *25 available again for homesteading due to the Register’s cancellation of Bryant’s previous ■entry.
A. The appellant Bryant contends, first, "that he was entitled to notice before his prior entry could be cancelled.
However, our Supreme Court has expressly held that under the present law (unlike an earlier version) the Register is authorized to cancel a homestead entry with■out notice to the entryman if final proof has not been made as required by statute. State ex rel. Heirs of Beauboeuf v. Grace, 229 La. 76, 85 So.2d 36. Cf. also, Babington Bros. v. Thomas and Williams, 131 La. 684, 60 So. 77 and Broxton v. Davis, La.App. 1 Cir., 80 So.2d 593, 597. The cited decisions note that an entryman acquires no vested interest in the public lands entered by him until the final proof is made and a final •certificate of title issued.
As a condition for issuance of a patent of title to the homesteaded tract, the ■statute required that the entryman Bryant make final proof of his five-years’ residence and cultivation by October 4, 1958. Upon his failure to do so, the Register can-■celled his homestead entry some 25 days later. The cancellation was in accordance with law. We are unable to set it aside. (Although the Register’s permitting final proof later than the statutory period may not be subject to annulment, the Register here did not choose to waive strict compliance with the statutory conditions; not in point, therefore, are decisions upholding patents issued upon tardy final proof.)
B. Aside from his rights acquired as entryman under the 1951 certificate, however, Bryant next argues that he also acquired certain pre-emptive rights to purchase from the state or to homestead the contested tract. These pre-emptive rights are alleged to result from Bryant’s settling upon, cultivating, and fencing the contested tract at all times after his 1951 entry.
In making this argument, Bryant relies upon the provisions of Act 21 of 1886, LSA-R.S. 41:171—41:176[1]. In substance, this statute provides that those who possess or improve or cultivate state lands have the prior right to make a homestead entry for or to purchase said lands when available for purchase or entry.
One of the rights acquired by such a settler upon improved or cultivated lands is to receive notice when the lands are ready for entry or purchase, following which the settler is to have six months within which either to purchase the lands from the state or to make a homestead entry for them. LSA-R.S. 41 ¡173-41:175 (1950; since repealed, see Footnote 1). Patents issued to those claiming adversely to the actual settler are void as in contravention of this prohibitory law. Wemple v. Albritton, 154 La. 359, 97 So. 489; Albritton v. Steere, 153 La. 561, 96 So. 121; Albritton v. Shaw, 148 La. 427, 87 So. 32.
We agree with the trial court that the pre-emptive rights accorded by the statute did not accrue to one such as Bryant who settled or possessed or cultivated the land pursuant to a homestead entry. To hold otherwise would permit a homestead entryman to possess indefinitely without making final proof for his homestead patent. Upon cancellation of his entry for failure to make such final proof (as here), he could nevertheless oppose an entry being made by any other person, if indeed he has pre-emptive rights under LSA-R.S. 41:171.
Such an interpretation would accord a homestead entryman indefinite pre-emptive rights by reason of his settling and possession under his homestead entry. It would nullify as to the entryman the statutory provision that he must make final proof of his *26 satisfaction of the conditions (residence and cultivation) of the homestead grant within seven years of his initial entry, LSA-R.S. 41:544. It would enable the initial entryman settling upon the property to prevent any subsequent homesteading of the tract, even though the initial homesteader refused to make final proof for his patent as required by statute.
In our opinion, rights accruing by reason of a homestead entry are regulated solely by the statutory provisions regulating homestead rights (41:541 et seq.), which require final proof be made with the Register in seven years; and the homesteader residing on and possessing the homesteaded tract during that period does not acquire any pre-emptive rights under 41:171. Such an interpretation is not inconsistent with the pre-emption statute, LSA-R.S. 41:171 et seq., under which an actual settler does have a prior right to make (initial) homestead entry upon the land possessed by him, (but following which initial homestead entry, logically, the provisions of the homestead acts would regulate the perfection or not of his title by homesteading).
When literal application of different sections of the Revised Statutes produces conflicting or ambiguous interpretations, the courts must endeavor to give effect to each statutory provision within its proper scope, reconciling where possible the various statutory sections as being simultaneous expressions of the legislative will. Hall v. Rosteet, 247 La. 45, 169 So.2d 903. Following this principle, we hold that the appellant Bryant acquired by reason of his possession under his homestead entry under 41:541, no rights of pre-emption under 41 :- 171 such as would enable him to avoid complying with the homestead statute’s requirement that he make final proof of his title within seven years of his entry, 41:-544.
Thus, in default of this timely final' proof, the Register was authorized to cancel his entry without notice to him and tO' grant title to others in accordance with law, State ex rel. Heirs of Beauboeuf v. Grace, 229 La. 76, 85 So.2d 36. We affirm the trial court ruling to this effect.
We should here note that within his fence the appellant Bryant has enclosed not only the part of the 40-acre sixteenth-section he intended to homestead, but also certain other property that prior to his entry he possessed through an alleged acquisition from one Poe. We do not mean by this-opinion to foreclose Bryant from claiming or making future entry for, by reason of any pre-emption rights he may have or otherwise, any portions of the sixteenth-section (SW}4 NEJ4) lands not included within the property described by the appel-lee Long’s 1960 homestead entry (see Footnote 2).
2. Is the appellee Long’s entry subject to invalidation for certain claimed deficiencies ?
Aside from his claim to priority rights, by reason of his own 1951 homestead entry, the appellant Bryant contends that Long’s 1960 homestead entry should be held invalid for certain causes: (a) the vagueness of its description; (b) the improper inclusion within its description of a non-contiguous parcel; and (c) Long’s failure to establish a residence upon the contested tract within six months of his homestead entry, as required by LSA-R.S. 41:549.
On April 25, 1960, the Register issued to the appellee Long Homestead Entry Certificate No. 2519, described as containing 40 acres more or less, and essentially included a given one-sixteenth government section “less lots sold.”[2]
*27 A. In attacking the description as vague, the appellant relies upon early jurisprudence to the effect that “It is essential to the validity of an entry, that the land in"tended to be appropriated should be so described as to give notice of the appropriation to subsequent locators”, Patin v. Blaize, 19 La. 396, 401. This decision further -notes, 19 La. 400: “If the calls of an entry •do not fully describe the land, but furnish enough to enable the court to complete the 'location by the application of admissible -testimony, they will complete it.” Applying this test to the present case (see facts set forth in Footnote 2), the property described 'by Long’s homestead entry is described with -sufficient certainty as to be identifiable -with the aid of admissible extrinsic testimony, i. e., the plat of the former subdivision and the pre-1930 sales of lots from it. See also Mid-State Homes, Inc. v. Knapp, La.App. 3 Cir., 1S6 So.2d 122; cf., 73 C.J.S. Public Lands § 250, at p. 894 (1951) '“Defects in description of land.”
Appellant also points out that one •applying to purchase (i. e., instead of make homestead entry for) tax-adjudicated lands must list by number the lots within a “postage stamp” subdivision such as the •present (see Footnote 2 facts). LSA-R.S. 47:2189. The homestead entry statute does •not contain a similar requirement, and the •cited statute is inapplicable.
B. The appellant Bryant also urges that Long’s 1960 entry is invalid because the tract described is not contiguous as re-quired by law. See LSA-R.S. 41:541, ■which provides that a qualilied person may -make homestead entry of 160 acres or less •of tax-adjudicated lands “to be located in ■a body.”
This is based on the existence of a public road across the northwestern corner of the tract. A police jury resolution which had abandoned all strips dedicated for subdivision street purposes, specifically did not abandon this public road, Tr. 239. This issue is raised for the first time by thi^ appeal to this court, and the record does not reflect whether the dedication for road purposes was by grant of a full title or was instead only a grant of a servitude.
The evidence does indicate, however, that this public road separates only a small plot in the northwestern corner, perhaps 2-3 acres, from the major portion of the 35-acre tract. See plat at Tr. 187. It is essentially this remaining major portion south and east of the road which Bryant and Long have attempted to reside upon and to cultivate.
We are cited to no authority that would justify annulling Long’s entire homestead entry because it may include a small portion 'of non-contiguous property. At the most, under these facts, in our opinion Long’s entry or patent could only be reduced to exclude the small northwestern corner across the public road, if indeed non-contiguous.
We therefore hold that, if the public road across the northwestern corner does have the effect of separating this small strip from the main tract homesteaded, nevertheless Bryant is not entitled to have Long’s entry declared wholly invalid for this reason.
If the public road—even if merely a servitude—does have the effect of making the strip across it non-contiguous with the *28 maip homestead tract[3], then Bryant may have the right to invalidate Long’s entry insofar as the non-contiguous strip north and west of the road. In the present state of the record, we are unable to determine the nature of the public road, i. e., whether it was dedicated as a servitude or in full title. We think the interests of justice will be adequately served if we reserve to Bryant whatever right he may have either before or at the time of final proof to oppose inclusion of this small strip within Long’s entry and patent, if it indeed be proved to be non-contiguous within the contemplation of the statute.
C. The appellant Bryant also contends that he is entitled to have Long’s homestead entry cancelled for the statutory cause “that the homesteader failed to establish a residence upon the land so entered for six months after entry”, LSA-R.S. 41:549.
This contention is based upon the following circumstance: In 1942, Long purchased five acres of land from John Poe and moved upon the property. The deed is not in evidence. Soon after his purchase, Long moved upon the property and built his home there. It was immediately contiguous to the tract homesteaded and fenced by Bryant in 1951. After Long made his own homestead entry in 1960, he did not move his home from its former site.
A survey shows that Long’s residence is within the sixteenth-section which (“less lots sold”, see Footnote 2) is the property described as included by Long’s homestead entry. At the trial in the district court, both parties stipulated that: “ * * * prior to a homestead entry by either party to this suit, * * * both parties to this suit were owners of tracts of land contiguous to the land herein in dispute.” Tr. 280.
Under this stipulation, prior to his 1960 homestead entry the appellee Long owned the land upon which his home was situated. However, after his homestead entry of the contiguous tract, under the evidence he failed to move his residence from his own land on to the homesteaded tract[4].
The appellant Bryant points out that under the literal wording of LSA-R.S. 41:549 a contestant is entitled to have a homestead entry cancelled if it is proved “that the homesteader failed to establish a residence on the land so entered for six months after entry.” Bryant contends that residence by Long on the contiguous previously-owned tract is not sufficient; that under the *29 statute the homesteader must move his residence from the previously-owned contiguous tract and onto the tract being homesteaded in order to perfect his entry.
However, the pro-vision that the homesteader must establish a residence upon the land “so entered” must be read in conjunction with other provisions of the statute authorizing application for homestead entry upon tax-adjudicated lands. Under LSA-R.S. 41:541, qualified persons may make homestead entry of 160 acres or less, but: “No person who is the owner of as much as one hundred sixty acres of land in any state or territory, shall acquire any rights under this Sub-part; provided that every person owning and residing on lands may enter, under the provisions hereof, such tax adjudicated lands lying contiguous to his lands which shall not, with the land so already owned and occupied by him, exceed in the aggregate one hundred sixty acres.” (Italics ours.)
Under the italicized proviso, an owner residing on contiguous property is entitled to make entry for tax-adjudicated lands so as to complete a homestead tract not to exceed 160 acres in all. Since without this italicized provision a homestead applicant could equally well make homestead entry of the contiguous property and obtain a patent to it provided he moves onto it, the intended purpose of this provision relating solely to a contiguous landowner must be to permit him to acquire a contiguous homestead (not to exceed 160 acres in all) without being required to move his home from his previously-owned land onto the contiguous homestead tract for which entry is made.
The court so interpreted the statute in Baham v. Vernon, La.App. 1 Cir., 42 So.2d 141, in deciding whether an entryman’s adjacent land was “contiguous” so as to obviate his moving onto the tract described by his homestead entry. 42 So.2d 144. See also McClendon v. Wall, La.App. 1 Cir., 96 So.2d 246, 249 (dicta).
We think this to be the correct interpretation, as reflected by the meaning and purpose of the statute as a whole. By this interpretation, a homesteader has established his residence upon “the land so entered” even though his residence remains on his contiguous previously-owned tract, since the home is regarded as “on the land so entered” for such purposes because the contiguous lands are regarded as a single homestead tract. (Cf., regarding exemption from seizure as homestead, Succession of Veronie, 147 La. 12, 84 So. 439.)
This incidentally is the interpretation made of almost identical homesteading provisions and requirements in Louisiana Act 301 of 1910, especially Sections 1 and 8 (LSA-R.S. 41:501 et seq., especially 41:501, subd. B and 41:509) and in 43 U.S.C.A. § 161, especially 161, 169. See: as to former statute, Opinions of the Attorney General of Louisiana 1916-1918, p. 615; as to latter statute, United States v. Mills, 5 Cir., 190 F. 513, 518 (1911), Annotated, 42 L.R.A., N.S., 752 (1913).
We therefore find that the appel-lee Long has established his residence upon the homestead tract within the requirements of law.

Decree.

In summary, we affirm the trial court’s holding that the appellant Bryant acquired no priority or pre-emption rights by his possession pursuant to his 1951 homestead entry, and its further ruling that the ap-pellee Long’s 1960 homestead entry is not subject to invalidation for the causes alleged.
To prevent future misunderstanding, we expressly note that our affirmance of the trial court’s dismissal of Bryant’s suit is not intended to affect any right Bryant may have to claim priority rights upon or to make entry for any portions of the sixteenth-section (the Southwest Quarter of the Northeast Quarter, Section 34, Township 8, Range 8) which are not included within the land described by Long’s home *30 stead entry (see Footnote 2 in opinion). We further expressly reserve to Bryant any right he may have to oppose the inclusion, within Long’s homestead' entry or patent, of the strip in the northwestern corner which is north and west of the public road crossing the tract for which homestead entry is made by Long, if proper showing is made that such corner strip is non-contiguous, within the meaning of the statute, with the main portion of Long’s homestead tract.
As thus amended, we affirm at Bryant’s cost the trial court judgment dismissing his •suit. We note that when judgment becomes final in this suit, the clerk of the district •court is required by law to file a certified copy of such final judgment in the office of the Register of State Lands, LSA-R.S. 41:18.
Afiii-med.

. This statute has been repealed by Act 568 of 1960. Ho-wever, the parties assume that, if applicable, any rights under it acquired by Bryant are still available to him.

. The tract was described as situated in Section 34, Township 8, Range 8, Southwestern Land District, and was described as follows: “Lot 63, 64 Div. F. of S.W. N.E. 34-8-8, SW NE 34-8-8 less lots sold, Lot 117 Blk O Sub of SW NE 34r-8-8.” The record also contains the sketch of survey of the subdivision of the South *27 west Quarter of the Northeast Quarter (SW NE) of Section Thirty-Four, Township Eight, Range Eight (34r-8-8), which indicates that the sixteenth-section had been subdivided into Blocks A through K, with Blocks A and K having 66 lots and Blocks B through J having 132 lots, or into a total of 1452 “postage stamp” lots, each 60 feet by 20. See sketch Tr. 245. This sketch also indicates that 157 lots, designated by shading and number, had been sold by the prior owner before the property was adjudicated to the State for nonpayment of 1930 taxes. From this sketch, it is easily possible to identify the portion of the sixteenth-section “less lots sold” described by the homestead entry certificate. The shaded lots designated as “sold” are of course not included within Long’s homestead entry.

. We express no opinion as to this. See: Opinions of the Attorney General 1940-1942, p. 3213; Baham v. Vernon, La. App. 1 Cir., 42 So.2d 141 (dicta). But see also: Spier v. Barnhill, La.App. 3 Cir., 168 So.2d 479; the provision that homesteaded lands may prior to final proof be made subject to rights of way for, inter alia, public roads, LSA-R.S. 41:504; the general rule that, at least for homestead exemption from seizure purposes, a homestead is not considered divided by a public road, 40 C.J.S. Homesteads § 66.

. The stipulation is probably mistaken in its implication that Long owned the land on which his home was situated prior to his homestead entry. There is evidence that Poe, Long’s vendor, had tax title only to scattered spots within the sixteenth-section, and that Poe did not have title to most of the five acres sold by him to Long (whose deed is not in the record). The actual survey of the SWj4 NE% Sec. 34, TSS, R8W shows that Long’s residence was located on the “B” block of the former subdivision, Tr. 187; by the sketch showing the lots which the subdivider had not sold at the time of the 1930 tax-adjudication (which lots were included within the homestead entry) as well as the “lots sold” then (which were not included in the homestead entry), it is shown all lots of Block “B” were included within the tax-adjudication and hence within Long’s homestead entry.
If this is so, then Long’s home before and after his entry is situated upon the tract for which homestead entry is made, and Long clearly resided upon the homestead tract within six months of entry as required by statute. In view of the stipulation at the trial, however, we have assumed in our opinion the facts most favorable to the appellant’s contention— namely, that Long’s home was situated on a contiguous tract owned by him next to the tract which he is homesteading.