364 So.2d 186 (1978)
Sidney COSEY, Jr., Plaintiff-Appellee,
v.
Lillian Jonpierre Tyler COSEY, Defendant-Appellant.
No. 12210.
Court of Appeal of Louisiana, First Circuit.
October 9, 1978.
Rehearing Denied November 20, 1978.
Writ Granted January 19, 1979.
Ernest G. Drake, Jr., Ponchatoula, for Sidney Cosey, Jr., plaintiff-appellee.
James D. Johnson, Jr., Hammond, for Lillian Jonpierre T. Cosey, defendant-appellant.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge:
Sidney Cosey was married to Hattie Harris Cosey on November 14, 1915, and they had one son, Sidney Cosey, Jr., who was born in August, 1916. There was a non-judicial separation between Mr. and Mrs. Cosey in about 1935, and they never again lived together.
On March 18, 1945, Sidney Cosey entered into a Bond for Deed contract with the C. E. Cate Estate, in which the Cate Estate agreed ". . . to convey and assure to the said party of the second part, in fee simple, clear of all incumbrances whatever, by a good and sufficient Warranty Deed. . ." an 11-acre tract of ground in Tangipahoa Parish, upon payment by Mr. Cosey of $825 in stipulated installments. On May 25, 1961, Mr. Cosey made the last payment on the property, but, because of the death of one of the owners, the Cate Estate was unable to deliver title at that time.
On May 28, 1962, Sidney Cosey and Hattie Harris Cosey were divorced, and on June 10, 1962, he married Lillian Jonpierre Tyler Cosey.
*187 On December 7, 1962, the owners of the Cate Estate transferred the 11-acre tract to "Sidney and Lillian Cosey, once married and living together," and the deed was duly recorded in the records of Tangipahoa Parish.
Hattie Harris Cosey died on December 27, 1964, and Sidney Cosey died on August 29, 1976, survived by his wife, Lillian. Sidney Cosey, Jr. opened their successions and qualified as administrator thereof on November 5, 1976.
Thereafter, this suit was brought by Sidney Cosey, Jr. as administrator of the successions of his parents, and as their sole heir, against Lillian Jonpierre Cosey, and the owners of the Cate Estate, asking for judgment decreeing that the 11-acre tract of land belongs to the community that existed between Sidney and Hattie Cosey, and ". . . for declaratory judgment correcting the marital status . . ." in the deed to Sidney and Lillian Cosey.
After trial on the merits, judgment was rendered as prayed for by plaintiff, and Lilliam Jonpierre Cosey has appealed.
Basically, it is plaintiff's case that, since the property was paid for with funds belonging to the first community, title to the property should be vested in that community, and the second community should have no interest therein.
Article 2402 of the Civil Code provides, in part:
"This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase."
The Supreme Court has held that, in the case of immovable property, acquisition by purchase, under Article 2402 ". . . means that there must be an act of sale transferring title to real property, and not merely an agreement to sell." Kendall v. Kendall, 174 La. 148, 140 So. 6 (1932). It is also settled, with respect to immovable property that ". . . neither consent, nor delivery, nor payment of price suffice to transfer the ownership; there must be a deed translative of the title."
A bond for deed contract is not a sale, and title is not transferred thereby, even when payment in full is made according to its terms. R.S. 9: 2941; St. Landry Loan Company v. Etienne, 227 So.2d 599 (La.App. 3rd Cir. 1969).
In the Kendall case, supra, in which a bond for deed was executed and most of the payments made during one community regime, and title taken during a subsequent community, the Supreme Court, applying the foregoing principles found as follows:
"The evidence in the case shows positively that the title to the lot in question was not transferred until the act of sale to Sam Kendall was made December 4, 1920, during the existence of the community between Kendall and defendant, Leander Kendall. The property, therefore, clearly belongs to this, the third community."
The same situation exists in this case, and we find that the property belongs to the community between Sam Cosey and defendant, Lilliam Jonpierre Cosey.
The judgment appealed from is reversed and set aside, and there will be judgment herein in favor of defendant, Lillian Jonpierre Tyler Cosey and against plaintiff, Sam Cosey, Jr., dismissing plaintiff's suit at his cost.
REVERSED AND RENDERED.